**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James L. KINGTON and Don Earney,
Defendants–Appellants.**

No. 88–1408.

United States Court of Appeals,
Fifth Circuit.

July 14, 1989.

---

Ben L. Krage, Kasmir & Krage, Dallas, Tex., for James L. Kington.

Emmett Colvin, David W. Coody, Dallas, Tex., for Don Earney.

J. Michael Worley, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for U.S.

## ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before REAVLEY, HIGGINBOTHAM, and ALDISERT,* Circuit Judges:

PER CURIAM:

Defendants James Kington and Don Earney have sought rehearing and rehearing en banc of our earlier decision in this case, see *United States v. Kington*, 875 F.2d 1091 (5th Cir.1989). We have reviewed their arguments, and found them without merit. We adhere to our earlier opinion, and add the following brief comments in response to some of the arguments made in the rehearing petitions.

(1) Kington, reasoning by analogy to the Tax Code, 26 U.S.C. § 6213 (requiring a tax payer to file an action "within ninety days" after the mailing of a deficiency notice), contends that if 70 Speedy Trial days had elapsed before the trial began, then the trial began on the 71st day and was untimely. Kington overlooks the difference between Speedy Trial days and calendar days: the Speedy Trial clock stops, but the calendar does not. There was never any 71st day in this case. There were a maximum of 70 nonexcludable days, and, as stated in the opinion, we therefore need not inquire whether there were in fact fewer.

(2) Kington contends that our opinion is in conflict with the Second Circuit's decision in *United States v. Rivera*, 844 F.2d 916, 919 (2d Cir.1988). *Rivera* is easily distinguished: the mistrial in that case, unlike the one in this case, was not declared for the purpose of permitting an appeal. See the earlier decision in *United States v. Rivera*, 802 F.2d 593 (2d Cir.1986).

(3) Kington contends now that there was no hearing conducted on the motions filed February 3, 1987, and that *United States v. Welch*, 810 F.2d 485 (5th Cir.1987), is therefore distinguishable. The district court, however, found expressly in its opinion on the Speedy Trial issues that the pending motions were disposed of by a hearing. This finding was not challenged on appeal, and we will not disturb it.

(4) Earney contends that we should have judged the effect of the district court's alleged *Sandstrom* error by the harmless error standard of *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (determining whether *Sandstrom* error was harmless in light of the evidence presented). Earney misunderstands our disposition of the appeal: we concluded not that there was a harmless *Sandstrom* error, but that, because the charge, when considered as a whole, correctly instructed the jury on every element necessary to a conviction, there was no *Sandstrom* error at all. Alternatively, however, were we to categorize the charge as one which con-

* Circuit Judge for the Third Circuit, sitting by designation.

tained a potential *Sandstrom* defect in one of its sentences, we would have no difficulty concluding that, when a charge considered as a whole correctly instructs the jury with respect to every element in an offense, any *Sandstrom* defect is "harmless beyond a reasonable doubt." *Rose*, 106 S.Ct. at 3105. In no respect do we depart from the *Rose* standard for judging whether an actual constitutional error is harmless.

(5) Earney points out that defendants' challenge to the district court's "intent to injure or defraud" instruction went to the § 1005 counts as well as the § 656 counts, and that most of our discussion was directed to the specifics of the § 656 charge. We find the defendants' argument equally unpersuasive with respect to the § 1005 counts, and for similar reasons. We note in particular that the district court's intent instruction on the § 1005 count required both willfulness *and* an intent to injure or defraud.

The other arguments raised by the defendants are likewise without merit. No member of the court having requested a poll, the petitions for rehearing and for rehearing en banc are

DENIED.