**UNITED STATES of America, Plaintiff,**

v.

**Ronald S. VILLANO, Defendant.**

**No. CR 89–182L.**

United States District Court,
W.D. New York.

Nov. 9, 1989.

Bradley E. Tyler, Asst. U.S. Atty., Rochester, N.Y., for plaintiff.

Norman Palmiere, Rochester, N.Y., for defendant.

ORDER

KENNETH R. FISHER, United States Magistrate.

The above named defendant was arraigned July 31, 1989, in open Court, pursuant to Fed.R.Crim.P. 10 and Local Rule 18(a), and has entered a plea of not guilty pursuant to Fed.R.Crim.P. 11(a)(1). A pre-trial conference was had in open court on July 31, 1989, following the arraignment during which the court considered the parties' positions concerning the scheduling of various pre-trial matters.

*Waiver of Speedy Trial Scheduling*

At the conference held in open court following the arraignment, defense counsel moved for a continuance pending what he characterized as the expected filing of a superceding indictment in late November or early December, 1987. Defense counsel stated that an interest-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) would be appropriate as he did not wish to duplicate pre-trial efforts in this and the expected future criminal proceeding. The government joined in the application, and confirmed the existence of an on-going Grand Jury investigation which would come to fruition in late November or early December, 1989.

I alerted counsel in the presence of the defendant of the fact that the Second Cir-

cuit has, at least once, left open the issue whether a defendant may waive his statutory speedy trial rights. *United States v. Beech–Nut Nutrition Corporation*, 871 F.2d 1181, 1198 (2d Cir.1989) ("With or without their agreement, ...."), *cert. denied sub nom, Lavery (John F.) v. United States*, —— U.S. ——,. 110 S.Ct. 324, 107 L.Ed.2d 314 (1989). *See also, United States v. Matsushita*, 794 F.2d 46, 50 (2d Cir.1986) (confirming defense counsel's waiver, but nevertheless holding that the factor balancing approach of § 3161(h)(8)(A)–(B) is applicable to such continuances). I further informed defense counsel and defendant that the First Circuit has held that a defendant may not "waive" the provisions of the Speedy Trial Act except by failing to move for dismissal. *United States v. Pringle*, 751 F.2d 419, 433–34 (1st Cir.1984) (quoting S.Rep. No. 212, 96th Cong., 1st Sess. 28–29, *reprinted in* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, at p. 182 (Fed.Judicial Center)), *after remand*, 780 F.2d 143 (1st Cir.1985), *vacated on other grounds sub nom. United States v. McAfee*, 479 U.S. 805, 107 S.Ct. 49, 93 L.Ed.2d 10 (1986), *opn. on remand, United States v. Bonner*, 808 F.2d 864 (1st Cir. 1986) *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987). Indeed, the First Circuit stated, "Thus, even where such a waiver is offered, ..., the statute imposes upon the court the obligation to reject it." *Id.* 751 F.2d at 434. As the Fifth Circuit recently observed, "those Circuits which have considered the issue have held that defendants' rights under the Speedy Trial Act are not waivable." *United States v. Kington*, 875 F.2d 1091, 1107 (5th Cir.1989) (leaving open, however, "whether *Pringle* should be the law of this Circuit"), *opn on motion for rehearing*, 878 F.2d 815 (5th Cir.1989). *See United States v. Berberian*, 851 F.2d 236, 239 (9th Cir.1988) ("the parties cannot stipulate to a waiver of the protections of the Speedy Trial Act."), *cert. denied*, —— U.S. ——, 109 S.Ct. 1567, 103 L.Ed.2d 934 (1989); *United States v. Stone*, 813 F.2d 1536, 1538 (9th Cir.1987) ("the only waiver specified by the Act is a waiver arising from the failure of a defendant, which did not occur here, to move for dismissal prior to trial") *cert. denied*, 484 U.S. 839, 108 S.Ct. 125, 98 L.Ed.2d 83 (1987); *United States v. Peeples*, 811 F.2d 849, 851 n. 1 (5th Cir.1987) ("Several other circuits have held that an affirmative waiver by a defendant is inoperative and does not suspend the requirements of the Speedy Trial Act."); *United States v. Ray*, 768 F.2d 991, 998 n. 11 (8th Cir.1985) (waivers are ineffective to establish that continuances are consistent with the "ends of justice" criterion of the statute); *United States v. Carrasquillo*, 667 F.2d 382, 389–90 (3rd Cir.1981) ("We do not think a defendant may waive the public's right to a speedy trial unless he complies with the requirements carefully set forth in section 3161(h)"); *id.* 667 F.2d at 390 (Higginbotham, J., concurring) ("the majority is accurate in concluding that, because of the public's interest in speedy trials, the defendant may not waive the Act's provisions without first receiving a continuance from a judge").

Counsel for the defendant, and the defendant himself, acknowledged this authority and nevertheless sought to have the court accept the waiver. The government represented that speedy trial rights are like any statutory right which may be waived by the defendant. *Cf. Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989).

As appealing as counsel's position may be to a court vastly overburdened with criminal matters, I must conclude that the putative waiver of Speedy Trial Act requirements must not be accepted by the court because "the statute imposes upon the court the obligation to reject it." *United States v. Pringle*, 751 F.2d 434. This accords with Administrative Office Guidelines for Administration of the Speedy Trial Act, which state:

> It will be noted that the requirement of judicial findings is applicable even if the continuance is granted upon the request of the defendant or his counsel. The fact that the defendant has requested the continuance or consents to it is not in itself sufficient to toll the operation of the time limits. The Committee believes

that this provision, considered in light of the legislative purpose underlying the Act, makes clear that a defendant's proffer or willingness to "waive" his rights or agree to waive his rights under the Act cannot justify any deferral of the trial date beyond the statutory deadline that would otherwise apply. The legislative history of the Act evidences a clear intention on the part of the Congress to implement a societal interest in prompt criminal trials, as well as to recognize the interests that the defendant may have in a speedy disposition. Section 3161(h)(8) accordingly imposes on the judge the obligation of protecting both the public and defense interests in prompt trials; it allows an extension of the otherwise applicable deadline only upon a judicial determination that certain considerations outweigh the interests of both the public and the defendant in prompt disposition. It would be inconsistent with the statutory scheme to permit a defendant, through a purported "waiver," to relieve the court of this obligation.

Administrative Office, Guidelines to the Administration of the Speedy Trial Act of 1974, pp. 62–63 (October, 1984).* Accordingly, I turn to the issue whether, upon a balancing of the factors contained in § 1361(h)(8)(A)–(B), an interest of justice continuance is appropriate.

 Defense counsel and the government's attorney represented to the court that the grand jury's investigation of defendant was on-going and that additional different charges would be filed if the grand jury decided to return a superceding indictment. Immediate scheduling of the motions defense counsel intends to file

would be premature, and would require duplication of effort on the part of all concerned. In such circumstances, an ends-of-justice continuance is appropriate. *United States v. Golomb*, 754 F.2d 86, 88 (2d Cir. 1985). The expected continuance will be relatively brief, and I have scheduled a pre-trial conference on December 4, 1989, to ensure that any further delay, if a superceding indictment is not yet returned and further delay is required, "should reasonably be related to the actual needs of the case." *United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir.1987). Furthermore, the government has agreed to complete voluntary Rule 16 discovery concerning the charges contained in the existing indictment during the period of the continuance. In these circumstances, the joint motion for a continuance is granted because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). This finding was made prospectively in open court on October 24, 1989. *United States v. Gurary*, 860 F.2d 521, 528 (2d Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1931, 104 L.Ed.2d 403 (1989); *United States v. Tunnessen*, 763 F.2d 74, 77 (2d Cir.1985).

## CONCLUSION

The joint motion for a continuance is granted in the interests of justice.

SO ORDERED.

---

\* At first glance, two speedy trial plans in effect within this circuit appear divided on the issue. *Compare,* Southern District Plan for Prompt Disposition of Criminal Cases, § 6(a) ("the time limits ... cannot be waived, except as provided in 18 U.S.C. § 3162(a)(2)."), *with* Eastern District Plan for Prompt Disposition of Criminal Cases, § 6(a)(9)(A)–(B) (waivers must be in writing; waivers may not be obtained without the court first addressing the defendant personally in open court and determining that the waiver is voluntary; and waivers may not be given effect by a court without first "grant[ing] such a continuance or approv[ing] such a waiv-

er in accordance with the provisions of Section 3161(h)(8)"). The Northern and Western Districts of New York, and the Connecticut and Vermont Districts, do not explicitly address the issue in their plans, but provide only forbinding stipulations in certain circumstances concerning the entries made upon the Clerk's docket. Notwithstanding the use of the term "waiver" in the Eastern District Plan, the requirement of court approval of a continuance "in accordance with the provisions of Section 3161(h)(8)" is fully consistent with the Administrative Office guidelines, and my holding today.