**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marco Anthony SANTOYO, Defendant–Appellant.**

No. 89–5501
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1989.

R. Clark Adams, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

LeRoy M. Jahn, Philip Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS, and DUHÉ, Circuit Judges.

PER CURIAM:

Defendant, Marco Anthony Santoyo, was indicted for bank robbery on October 21, 1987 and subsequently convicted. Santoyo contends he was tried in violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* At issue are the time periods from December 3, 1987 to December 31, 1987 and April 1, 1988 to October 13, 1988. Defendant contends that these periods are non-excludable. The district court rejected Santoyo's motion to dismiss. Finding that both periods are excludable, we affirm.

The first time period at issue is from December 3, 1987 to December 30, 1987. The government asserts that its filing of a Notice of Written Demand of Alibi on December 3 tolled the accrual of time until Santoyo filed his written response to the notice on December 30. Under 18 U.S.C. § 3161(h)(1)(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion, is excludable. If the motion does not require a hearing, the 30 day limit of § 3161(h)(1)(J) applies. *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

The trial judge rejected Santoyo's motion to dismiss for violation of the Speedy Trial Act on the basis of *United States v. Turner*, 725 F.2d 1154 (8th Cir.1984). *Turner* held that the government's motions to discover the defense of alibi and for disclosure of evidence were pretrial motions subject to § 3161(h)(1)(F) exclusion. Turner argued that exclusion of delay attributable to pretrial motions under § 3161(h)(1)(F) should only be allowed for time "reasonably necessary" to dispose of the motion, not the time actually taken. The court rejected Turner's argument: "The district court frequently may not act on motions to discover the defense of alibi or for discovery of evidence until a party objects or otherwise responds in such a way as to alert the court to the problem, if there is one." *Id.* at 1160.

Santoyo attempts to distinguish *Turner* on the basis that there the government filed a "motion" and here the government filed a "notice" of written demand of an alibi defense based upon Fed.R.Crim.P. 12.-1. Santoyo argues that a Rule 12.1 notice requires no consideration by the court, is self-effectuating, and, as such, does not constitute a § 3161(h)(1)(F) pretrial motion. *See, United States v. Mentz*, 840 F.2d 315, 329 (6th Cir.1988) (because the district court never held a hearing or ruled on the government's Fed.R.Crim.P. 16 motion for discovery and there was no other indication that the motion was "actually under advisement", the motion did not trigger the § 3161(h)(1)(F) exclusion.)

We will not endeavor to split semantic hairs: that the government here filed a "notice" rather than a "motion" is without consequence to the § 3161(h)(1)(F) analysis. The motion filed in *Turner* seeking disclosure of the defendant's intent to rely on an alibi defense certainly was based on Fed.R. Crim.P. 12.1, although the court did not refer to the rule by number. Thus *Turner* is directly on point. Furthermore, this court has recently declined to make distinctions, for purposes of the § 3161(h)(1)(F), between pretrial motions that require action by the court and those that do not where the motions were disposed of within the 30-day limit imposed by § 3161(h)(1)(J).

*United States v. Forester,* 836 F.2d 856, 859 (5th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989). *See Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). The period of time between the government's filing of the notice and Santoyo's response thereto is properly excludable from the Speedy Trial Act calculation.

 The second period of time at issue is that following the government's February 16, 1988 motion to disqualify defense counsel and the Federal Public Defender's Office. The trial court granted the government's motion for a continuance to brief the issues presented by defense counsel's eleventh hour announcement that he would be a witness. Santoyo admits that the period of time from February 16 to March 2 is excludable because the parties were briefing the government's motion to disqualify defense counsel. Santoyo further acknowledges that the period from March 2 to April 1 is excludable under § 3161(h)(1)(J), which allows for exclusion of delay attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. However, Santoyo contends that the period of time from April 1 to October 13 is non-excludable.

In his October 13, 1988 ruling on the government's motions, the trial judge asserted that "the time period from February 18, 1988 through the date of entry of this Order be excluded from computing the time when the trial in this cause shall commence. Exclusion of more than the thirty days deemed as reasonable under 18 U.S.C. § 3161(h)(1)(J) is allowed here due to the novelty of the issues involved." Santoyo objects to this finding as a prohibited *nunc pro tunc* "ends of justice" finding so as to render inapplicable the exclusion allowed by 18 U.S.C. § 3161(h)(8)(A). *See United States v. Janik,* 723 F.2d 537 (7th Cir.1983); *United States v. Carey,* 746 F.2d 228 (4th Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1398, 84 L.Ed.2d 786 (1985).

We pretermit discussion of Santoyo's *nunc pro tunc* argument because the period following the filing of his motion in limine on February 8, 1988 is excludable under 18 U.S.C. § 3161(h)(1)(F). This motion remained pending until the trial date, notwithstanding the fact that on February 16 the court carried the motion for hearing during trial. "Pending motions will toll the trial clock indefinitely; there is no independent requirement that the delay attributable to the motions be 'reasonable.' *United States v. Welch,* 810 F.2d 485, 488 (5th Cir.1987), *cert. denied,* 484 U.S. 955, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987); *Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986)." *United States v. Kington,* 875 F.2d 1091, 1109 (5th Cir.), *reh'g and reh'g en banc denied,* 878 F.2d 815 (1989).

Because fewer than 70 non-excludable days elapsed between the date Santoyo was indicted and the date his trial began, his Speedy Trial Act rights remained inviolate. Consequently, Santoyo's conviction is

AFFIRMED.