**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**WENDIE MICHEL BROWN, Defendant**

Criminal No. 2008-55
District Court of the Virgin Islands
St. Thomas and St. John Division
August 10, 2009

707

MAJOR R. COLEMAN, AUSA; JASON T. COHEN, AUSA, St. Thomas, USVI, *For the Plaintiff*.

RONALD E. RUSSELL, ESQ., St. Croix, USVI, *For the Defendant.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

(August 10, 2009)

Before the Court is the motion of the defendant, Wendie Michel Brown, to dismiss the indictment. For the reasons discussed below, the Court will deny the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2008, Brown was charged with nineteen counts of wire fraud in violation of 18 U.S.C. § 1343.[1] A warrant for her arrest issued on November 7, 2008. Brown appeared for an advice-of-rights hearing before a magistrate judge on November 18, 2008. She was arraigned on November 20, 2008. A discovery schedule was adopted and the trial was set for January 5, 2009.

On December 4, 2008, Brown filed a motion to continue motion practice deadlines and the trial date, asserting a need for more time to review the government's discovery. On December 10, 2008, she filed a signed speedy trial extension form, asking the Court to extend the period within which this matter must be tried until March 2009.[2]

On January 6, 2009, the magistrate judge denied as moot Brown's December 4, 2009, motion to continue. On January 12, 2009, in light of Brown's December 10, 2008, filing, the Court extended the time to try this matter until March 9, 2009.

On February 10, 2009, Brown filed another speedy trial extension form, asking the Court to extend the period within which this matter must be tried until June 2009.[3]

---

[1] A superseding indictment was filed on July 9, 2009. The superseding indictment is not materially different from the initial indictment.

[2] In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including March 5, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, Dec. 10, 2008.)

[3] In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including June 9, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, Feb. 10, 2009.)

On February 11, 2009, the magistrate judge conferred with the parties, acknowledged that Brown had asked the Court to extend the time to try this matter, and rescheduled the trial for June 2009. Neither the magistrate judge nor the Court ruled on that request.

On May 8, 2009, Brown filed another speedy trial extension form, asking the Court to extend the period within which this matter must be tried until June 15, 2009.[4] Neither the magistrate judge nor the Court ruled on that request.

On June 3, 2009, Brown filed a motion to continue the trial until September 2009, asserting a need to review evidence that she claimed could aid her defense. On June 4, 2009, a new attorney filed a notice of appearance on behalf of Brown. On June 8, 2009, before the Court ruled on the June 3, 2009, motion to continue, Brown, through her newly-noticed attorney, filed another motion to continue the trial, asserting a need to review discovery. Attached to that motion to continue was another speedy trial extension form, in which Brown asked the Court to extend the period within which this matter must be tried until September 30, 2009.[5]

On June 10, 2009, the Court continued the trial date until August 24, 2009 and denied as moot Brown's two motions to continue. The Court did not rule on Brown's June 8, 2009, extension request. On July 17, 2009, the Court *sua sponte* rescheduled the trial for August 10, 2009.

On July 15, 2009, Brown moved to dismiss this matter on speedy trial grounds. The government opposes the motion. The Court heard argument on the motion on August 3, 2009.[6] At the conclusion of the hearing, the Court invited the parties to submit supplemental briefs. Both parties have availed themselves of that opportunity.[7]

## II. DISCUSSION

Brown argues that both the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and her Sixth Amendment speedy trial rights have been violated.

---

[4] In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including June 15, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, May 8, 2009.)

[5] In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including September 30, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, June 8, 2009.)

[6] Brown was present at oral argument.

[7] The government's supplemental submission was untimely.

## A. Speedy Trial Act

■ The Speedy Trial Act requires that trial commence within seventy days of a defendant's initial appearance or of the filing and making public of the indictment, if later. 18 U.S.C. § 3161(c). Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded from the computation of Speedy Trial Act time. 18 U.S.C. § 3161(h)(1)(F). Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)(F) and creates excludible time, even if it does not in fact delay the trial. *See United States v. Novak*, 715 F.2d 810, 813 (3d Cir. 1983). The Speedy Trial act also allows district courts to grant continuances on finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A); *see also United States v. Adedoyin*, 369 F.3d 337, 341 (3d Cir. 2004). Under the Act, courts must justify their continuances by an oral or written statement setting forth on the record their reasons for granting them. *Id.*; *see also United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992). The discretion of courts "is not unfettered, however." *United States v. Watts*, 47 V.I. 562, 567 (D.V.I. 2005). The Act lists factors that courts must consider in granting such a continuance. *See, e.g., United States v. Rivera*, 863 F.2d 293, 295 (3d Cir. 1988) (holding that under the totality of the circumstances, the Speedy Trial Act's requirements were met when the district court articulated on the record one of the factors listed in the statute as the reason to exclude time, such as a continuance to allow new counsel to adequately prepare for trial).

In this matter, Brown was indicted on November 6, 2008. A warrant for her arrest issued on November 7, 2008. On November 18, 2008, Brown appeared for an advice-of-rights hearing before a magistrate judge. A bond hearing was held on November 19, 2008. Brown was arraigned on November 20, 2008. From November 21, 2008, seven non-excludible days passed until November 28, 2009, when the government moved to unseal the indictment. That motion was resolved on December 1, 2008. Two non-excludible days passed from December 2, 2008 until December 4, 2008, when Brown moved for a continuance. On December 10, 2008, Brown filed an application to extend the time within which to try this matter up until March 5, 2009. The motion to continue remained pending

until January 6, 2009, when the magistrate judge denied it as moot. The Court granted the application for a speedy trial extension on January 12, 2009, finding that the ends of justice required extending the time to try this matter until March 9, 2009. Thus, from January 6, 2009 until January 12, 2009, five more excludible days elapsed.

On February 10, 2009, Brown filed another application for a speedy trial extension. Asserting a need for more time to review discovery and consult experts, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including June 9, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, Feb. 10, 2009.)

On February 11, 2009, the magistrate judge conferred with the parties and rescheduled the trial for June 15, 2009. The magistrate judge did not rule on Brown's application to extend the period of time within which to try this matter, and the Court did not thereafter rule on the application.

■ 18 U.S.C. § 3161(h)(1)(D) requires the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." "Only that time needed for a 'prompt disposition[]' . . . is excluded. . . . The point at which time will no longer be excluded is determined by Subsection [H], which permits an exclusion of thirty days from the time a motion is actually 'under advisement.' Thereafter, the fact that a motion is 'pending,' or is otherwise unresolved, does not toll the Speedy Trial clock." *United States v. Johnson*, 29 F.3d 940, 943 (5th Cir. 1994) (internal citation and footnote omitted).

■ In this matter, because the Court did not rule on Brown's request for an exclusion of time, the Court will exclude only thirty days following the filing of the request.[8] Thirty days after February 10, 2009 fell on

8 At oral argument, Brown argued that the outcome of her motion to dismiss is governed by *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006). In that case, the Supreme Court held that "a defendant may not prospectively waive the application of the [Speedy Trial] Act." *Id.* at 500. *Zedner* has no application here, as the Court has not excluded any time based on Brown's purported waiver of her right to a speedy trial. Indeed, under *Zedner*, any such waiver is ineffective to toll the speedy trial clock. *See United States v. Jordan*, 544 F.3d 656, 668 n.9 (6th Cir. 2008) (noting in dicta that a defendant's speedy trial waiver "would have had no effect for purposes of the Speedy Trial Act" (citing *Zedner*, 547 U.S. at 503)); *United States v. Henry*, 538 F.3d 300, 306 (4th Cir. 2008) (finding, in light of *Zedner*, that the defendants' several speedy trial waivers were invalid); *United States v.*

March 12, 2009. Therefore, the speedy trial clock began to run again on March 13, 2009. Twelve non-excludible days elapsed until March 25, 2009, when the Court held a hearing. From March 26, 2009 until April 6, 2009, twelve more non-excludible days passed. On April 7, 2009, the Court held another hearing. From April 8, 2009 until May 7, 2009, thirty non-excludible days passed.

---

*Taylor*, 497 F.3d 673, 676, 378 U.S. App. D.C. 158 (D.C. Cir. 2007) (holding that the defendant's attempted waiver on May 20 to waive his right to a speedy trial up until August 18 "had no effect" under *Zedner*), *cert. denied*, 552 U.S. 1222, 128 S. Ct. 1326, 170 L. Ed. 2d 136 (2008).

Brown, without citation to any appropriate legal authority, also contended at oral argument that her waiver does not constitute a motion as contemplated by the Speedy Trial Act. That contention is unpersuasive. Federal Rule of Criminal Procedure 47 provides that "[a] party applying to the court for an order must do so by motion." FED. R. CRIM. P. 47(a). A motion "generally means 'an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.' " *Melendez v. United States*, 518 U.S. 120, 126, 116 S. Ct. 2057, 135 L. Ed. 2d 427 (1996) (quoting BLACK'S LAW DICTIONARY 1013 (6th ed. 1990)); *see also id.* at 126 n.4 (citing Random House Dictionary of the English Language 1254 (2d ed. 1987) (defining "motion" in the legal sense as "an application made to a court or judge for an order, ruling, or the like")). As for the form of a motion, Rule 47 states only that "[a] motion . . . must be in writing. . . . A motion must state the grounds on which it is based and the relief or order sought." FED. R. CRIM. P. 47(b). Brown's request for an exclusion, in keeping with the generally accepted definition of a "motion," "moves" this Court for specific relief and, in line with Rule 47, states the grounds for that relief. Notwithstanding the caption Brown chose, her request is clearly a motion. *See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("[T]he function of the motion, not the caption, dictates which Rule applies[.]" (citation omitted)).

In her supplemental papers, Brown asserts that she signed the motions for exclusions unknowingly and involuntarily. Brown is correct that a waiver of rights by a criminal defendant must be knowing and voluntary. Whether Brown's waiver of her rights was knowing and voluntary, however, is not relevant here. In computing Brown's speedy trial count, the Court has not, for the reasons discussed above, construed her motions for exclusions of time as waivers of her right to a speedy trial. To the extent Brown alleges that she signed those requests in the fog of a communication breakdown with her previous attorney, the Court declines to allow Brown to disclaim discrete acts by that attorney — the filing of those requests — while benefitting generally from his representation. *See United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) ("The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."); *see also United States v. Bryant*, No. 96-4359, 1998 U.S. App. LEXIS 1408, at *9-10 (4th Cir. Feb. 2, 1998) (rejecting the defendant's argument that only his defense counsel, not he, agreed to a trial continuance because adopting such an argument would "permit[] a[] sort of sandbagging, *i.e.* permitting a defendant to use the services of his counsel when it suited him, but disavowing his counsel's advice when that advice did not suit the defendant's purposes"). In any event, the Court is convinced that such an allegation is more appropriately raised at a later stage, if need be, as an ineffective assistance of counsel claim.

On May 8, 2009, Brown filed another application for a speedy trial extension, in which she "move[d] this Court to extend the period of time within which this matter must be tried, up to and including June 15, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, May 8, 2009.) Brown again asserted a need for more time to review discovery and to prepare for trial.

On May 13, 2009, the magistrate judge met with the parties and stated that the trial would remain scheduled for June 15, 2009. The magistrate judge did not rule on Brown's May 8, 2009, request for an exclusion of time. The Court did not thereafter rule on the request. As with Brown's February 10, 2009, exclusion request, the Court will exclude thirty days following the filing of the May 8, 2009, request.

■■ ■ Thirty days after May 8, 2009 fell on June 7, 2009. On June 8, 2009, the government filed a motion in limine to preclude the introduction of certain evidence at trial.[9] The speedy trial clock stopped on that date and has not since been restarted, as the Court has not ruled on the

---

[9] The government's motion in limine seeks to exclude any evidence pertaining to an alleged complaint Brown filed against the Bank of Nova Scotia with the United States Equal Employment Opportunity Commission. According to the government, that complaint alleges that Brown suffered racial and sexual discrimination as well as retaliatory action while employed at the bank. The government argues that Brown's complaint cannot aid her defense and otherwise is not admissible for any purpose. Brown has not filed an opposition to the motion.

As the Court cannot, based on the government's submission alone and without the benefit of knowing what evidence, if any, Brown intends to present during her case-in-chief, the Court will defer ruling on the government's motion in limine until trial. *See United States v. Bermea*, 30 F.3d 1539, 1568 (5th Cir. 1994) ("[P]ending motions carried for hearing just before or during trial will toll the speedy trial clock indefinitely." (citation omitted)); *United States v. Santoyo*, 890 F.2d 726, 728 (5th Cir. 1989) (excluding from a speedy trial count an eight-month period between the filing of a motion in limine and the hearing on that motion where the district court deferred the hearing on the motion until trial); *see also United States v. Curry*, No. 93-5866, 1996 U.S. App. LEXIS 31211, at *9 (4th Cir. Dec. 5, 1996) (per curiam) (unpublished) (excluding the time from the filing of the government's motion in limine, even though the district court deferred ruling on the motion until trial); *United States v. Riley*, 991 F.2d 120, 123 (4th Cir. 1993) (holding that when a hearing on a pretrial motion is deferred until after trial, all of the time from the filing of the motion until its disposition is excluded); *but see United States v. Rojo-Alvarez*, 944 F.2d 959, 966 (1st Cir. 1991) (noting that if a district court "put[s] off consideration of a motion[]," the period of time during which the motion was "dormant" should not be excluded).

motion.[10] *See United States v. Jackson*, 544 F.3d 1176, 1186 n.15 (11th Cir. 2008) (noting that "motions in limine . . . clearly are excluded under" the Speedy Trial Act), *cert. denied*, 129 S. Ct. 1925, 173 L. Ed. 2d 1072 (2009); *United States v. Jernigan*, 341 F.3d 1273, 1286 (11th Cir. 2003) (holding that the speedy trial clock was tolled from the filing of defendant's motion in limine until trial, when the district court was able to hear evidence necessary to rule on motion); *United States v. Grosz*, 76 F.3d 1318 (5th Cir. 1996) (holding that the speedy trial clock was tolled from time of filing of defendant's motion in limine until a second pretrial conference when the district court heard oral argument on motion and ruled on it).

■ Based on the above sequence of events, a total of sixty-eight non-excludible days have passed from Brown's first appearance before a judicial officer and the government's June 8, 2009, motion in limine, until the date of this ruling. Significantly, that count does not offend the Speedy Trial Act, and Brown's motion will therefore be denied to the extent it rests on an alleged violation of the Act.

## B. Sixth Amendment

■ The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. A fact-specific, four-factor balancing test governs whether a defendant's speedy trial rights have been violated. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Those factors are: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (citing *Barker*, 407 U.S. at 530).

■ The first factor — the length of the delay — is a triggering device: "Simply to trigger a speedy trial analysis, an accused must allege that the

---

[10] To the extent Brown contends that the government's motion in limine should not toll the speedy trial clock until trial, the Court points Brown to the government's June 16, 2009, motion for clarification — which essentially asks for the Court's take on Brown's speedy trial count — and Brown's July 15, 2009, motion to dismiss. Until the date of this ruling, the pendency of both of those motions has also tolled the speedy trial clock.

interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Id.* at 651-52 (internal citation omitted). Thus, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. In other words, the first factor — the length of the delay — is also a threshold inquiry. *See United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986) ("The first factor, the length of delay, defines a threshold in the inquiry[.]"); *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) ("The first factor also acts as a threshold requirement." (citing *Doggett*, 505 U.S. at 651-52)).

■■■ Here, more than eight months have elapsed since Brown's arrest. Generally, delay approaching one year is presumptively prejudicial. *See Doggett*, 505 U.S. at 652 n.1 (noting that most courts find post-accusation delay "presumptively prejudicial" as it nears one year); *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (noting the Supreme Court's instruction that "we should conduct a full inquiry when . . . a delay approaches one year" (citation omitted)); *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir.), *cert. denied*, 129 S. Ct. 747, 172 L. Ed. 2d 744 (2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."). It is unclear, however, at what point delay that is less than one year becomes presumptively prejudicial. Indeed, the courts are divided on this point. *Compare United States v. Jackson*, 473 F.3d 660, 665 (6th Cir. 2007) (finding an eight-month delay sufficient to "trigger the application of the full test"); *United States v. White*, 443 F.3d 582, 590 (7th Cir. 2006) (reasoning that a nine-month delay between arrest and trial required a more searching review); *United States v. Woolfolk*, 399 F.3d 590, 598 (4th Cir. 2005) ("[G]iven the fact that Woolfolk's case involves little complexity, we see no reason to deviate from that general rule that any delay of eight months or longer is presumptively prejudicial." (quotation marks and citation omitted)); *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) (noting that a delay of over eight months is presumptively prejudicial); *United States v. Henson*, 945 F.2d 430, 437 (1st Cir. 1991) (assuming that a nine and one-half month delay raised the presumption of prejudice); *with United States v. Horse*, 316 F.3d 769, 775

(8th Cir. 2003) (concluding that "a nine and one-half month interval is too short to be presumptively prejudicial"); *United States v. Kalady*, 941 F.2d 1090, 1095-96 (10th Cir. 1991) (reasoning that an eight-month delay between indictment and trial was non-prejudicial); *United States v. Delario*, 912 F.2d 766, 769 (5th Cir. 1990) (per curiam) (finding that a delay of delay of eight and a half months "is not long enough to be 'presumptively prejudicial' ").

 The Third Circuit has not spoken directly on the circumstances presented here. However, the court has made clear that "rigid time limitations have been rejected in analyzing the constitutional right to a speedy trial." *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (finding that "a fourteen and one-half month detention before trial merits further inquiry"). The Supreme Court has explained that whether a particular delay is presumptively prejudicial "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530. For instance, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531.

 In *Wells v. Petsock*, 941 F.2d 253 (3d Cir. 1991), the Third Circuit held that the petitioner's pretrial incarceration of slightly more than seventh months was "long enough to require plenary inquiry into the remaining *Barker* factors." *Id.* at 258. The court was careful to note, however, that "the speedy trial right compels a flexible analysis *attuned to the nature and circumstances of the deprivation of an accused's liberty prior to trial*." *Id.* (emphasis supplied). In *United States v. Dent*, 149 F.3d 180 (3d Cir. 1998), the Third Circuit stated that a five-year delay between arrest and trial was "substantial" but that because the defendant "did not endure any significant pretrial detention[,] . . . [w]e . . . do not find the length of the pretrial delay in his case to be intolerable." *Id.* at 184. After so finding, the *Dent* Court, although it did not explicitly state whether the defendant's five-year wait was presumptively prejudicial, proceeded to analyze the other three *Barker* factors.

 In this matter, Brown is facing nineteen serious wire fraud charges. In other words, this is not a case of simple street crime. Furthermore, throughout these proceedings Brown's requests for continuances and applications for speedy trial extensions have been based primarily on what she herself has described as voluminous discovery the

718

government has turned over to her.[11] Finally, Brown has not been detained during the pretrial period. Under these circumstances, the Court does not find that a delay of more than eight months is presumptively prejudicial. *See United States v. Chahia*, 544 F.3d 890, 899 (8th Cir. 2008) (finding that a six and one-half month delay was not presumptively prejudicial in light of the large amount of discovery); *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (finding that an eight-month delay was not presumptively prejudicial "[g]iven the complexity" of the case); *United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002) ("Although an eight-month-and-three-week delay is substantial, it is not presumptively prejudicial in a case of this seriousness and complexity.").

Even assuming *arguendo* that more than eight months is long enough to be considered "presumptively prejudicial," the Court does not find that the other *Barker* factors help Brown make out a Sixth Amendment violation.

■ The second *Barker* factor — whether the government or the defendant is more to blame for the delay — clearly undercuts Brown's position. On November 20, 2009, the Court scheduled the trial of this matter for January 5, 2009. Brown asked for a continuance on December 4, 2008 and moved again on December 10, 2008 for an extension of time to try this matter up until March 2009. The Court rescheduled the trial for March 2009. On February 10, 2009, Brown again moved for an exclusion of time and a postponement of the trial, this time up until June 2009. The Court again rescheduled the trial. On June 8, 2009, Brown again sought a continuance until September 2009. The Court yet again postponed her trial, this time until August 2009. In short, the record leaves no room for doubt that the several continuances in this matter have been occasioned not by the government but by Brown herself. Thus, Brown has no one but herself to blame for the pretrial delay. *See United States v. Dent*, 149 F.3d 180, 184 (3d Cir. 1998) (noting that "it is clear that Dent bears the bulk

---

[11] For instance, in her December 4, 2008, motion to continue the trial, Brown stated that she "received 748 pages of discovery on two compact discs. . . . [J]ust to print out the documents for diligent review has been a time consuming process. . . . [C]onsidering the amount and nature of the discovery, due process counsels that the defendant be given more time to prepare motions and for trial." (Def.'s Mot. to Continue 1-2, Dec. 4, 2008.) In her June 3, 2009, motion to continue, Brown stated that "[w]ithin the last two weeks, the Government has produced substantive discovery totaling over 200 pages." (Def.'s Mot. to Continue 1-2, June 3, 2009.)

of responsibility" for the post-indictment delay); *see also United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009) (finding that "[t]he second factor . . . cuts strongly against Harris" where "the delay was largely a result of [his] myriad pretrial motions, including numerous requests for continuances"); *Brown*, 498 F.3d at 531 (noting that "a court should consider whether some of the delay is attributable to the defendant" (citation omitted)); *United States v. Tchibassa*, 452 F.3d 918, 925 n.4, 371 U.S. App. D.C. 543 (D.C. Cir. 2006) (agreeing "with the district court that the second factor weighs against Tchibassa because the fault for the delay in arrest lay primarily with Tchibassa himself").

■ The third factor — whether Brown timely asserted her right to a speedy trial — likewise weighs in favor of the government. Brown was arrested and arraigned in November 2009. At her arraignment, she requested a speedy trial. However, "[m]ere assertion of the speedy trial right is not enough for this factor to weigh in a defendant's favor." *United States v. Parker*, 505 F.3d 323, 329 (5th Cir. 2007) (footnote omitted), 552 U.S. 1221, 128 S. Ct. 1323, 170 L. Ed. 2d 134 (2008). "Rather, an assertion of speedy trial rights generally takes the form of 'an objection to a continuance or a motion asking to go to trial.' " *Harris*, 566 F.3d at 432 (quoting *United States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007)).

■ Here, Brown has never objected to any motion by the government for a continuance. The government has sought only one continuance in this matter. On July 22, 2009, after Brown moved to dismiss the indictment, the government moved to reschedule the trial from August 10, 2009 to August 24, 2009. That motion is pending. Brown has not filed a response to it of any kind. Indeed, on July 28, 2009, the government filed a supplement to its motion to continue, stating that Brown's attorney indicated that he does not object to a continuance of the trial. Furthermore, at an August 5, 2009, hearing, Brown's attorney affirmatively represented that he preferred to proceed to trial on August 24, 2009, the same date desired by the government.

Similarly, Brown has never filed a motion asking to proceed to trial. Instead, as noted above, she has repeatedly sought exclusions of time under the Speedy Trial Act and postponements of the trial date, on occasion over the government's objection. Indeed, the only time she has affirmatively asserted her right to a speedy trial was on July 15, 2009, when she filed her motion to dismiss. That motion came some eight months after Brown learned of the charges against her. Brown's Sixth

Amendment argument is substantially undermined by her request for dismissal so many months after her arrest, coupled with her repeated petitions for exclusions and continuances. *See Parker*, 505 F.3d at 330 (finding that it was "not evident that [the defendant] was diligent in asserting his speedy trial right" in light of the passage of eight months between the indictment and his "first affirmative indication that he wanted trial to proceed"); *Tchibassa*, 452 F.3d at 926 (finding that the defendant's "failure to make any effort to secure a timely trial on them (and his apparent desire to avoid one) manifests a total disregard for his speedy trial right" where he moved to dismiss the indictment nine months after his arrest); *United States v. Batie*, 433 F.3d 1287, 1292 (10th Cir. 2006) ("[The defendant's] persistent requests for continuances . . . scarcely demonstrate a desire for a speedier process."); *see also United States v. Aguirre*, 994 F.2d 1454, 1457 (9th Cir. 1993) ("The Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay — perhaps hoping the government will change its mind or lose critical evidence.").

 Finally, the Court must consider whether Brown has been prejudiced by the pretrial delay. Prejudice should be considered "in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court "has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 532 (footnote omitted). Where, as here, the other three *Barker* factors do not support the defendant, "[p]rejudice is the key factor." *Government of Virgin Islands v. Burmingham*, 788 F.2d 933, 936 (3d Cir. 1986).

In her motion, Brown states that she "has had to endure the specter of criminal charges hanging over her head[.]" (Def.'s Mot. to Dismiss 5.) She adds that she has had restrictions placed on her ability to travel and been subjected to name-calling by those familiar with her circumstances. Brown elects to make no prejudice showing beyond these rather conclusory assertions.

 The Court does not discount the significant hardships imposed on a criminal defendant facing trial. Indeed, a long pretrial period can, in some instances, give rise to serious personal and logistical difficulties. *See Moore v. Arizona*, 414 U.S. 25, 27, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973) (per curiam) (recognizing that delay "may seriously interfere with the

defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends" (quotation marks, alteration and citation omitted)).

Such difficulties notwithstanding, in this circuit, "a certain amount of anxiety is bound to accompany criminal charges, and only unusual or specific problems of personal prejudice will satisfy the *Barker* test." *Heiser v. Ryan*, 15 F.3d 299, 305 (3d Cir. 1994) (citations omitted). Thus, in *Government of the Virgin Islands v. Burmingham*, the Third Circuit rejected the defendant's speedy trial argument absent a showing of "unusual burden of anxiety." 788 F.2d at 937. The court reasoned that "[a]bsent impairment of the defense, pretrial incarceration, or any evidence of unusual psychological distress, and absent unjustifiable procrastination by the government, we do not believe that a delay of eighteen months between indictment and trial requires us to grant Burmingham's speedy trial claim predicated on *Barker v. Wingo*." *Id.* Similarly, in *Government of Virgin Islands v. Pemberton*, 813 F.2d 626 (3d Cir. 1987), the Third Circuit found no speedy trial violation where the defendant "failed to provide any evidence of specific psychological disorders suffered as a result of the pending criminal charges[.]" *Id.* at 630. In contrast, in *United States v. Dreyer*, 533 F.2d 112 (3d Cir. 1976), the Third Circuit held that the prejudice prong was met where the defendant's severe psychological trauma that ended in a suicide attempt was, according to expert testimony, connected to the twenty-nine month delay between indictment and trial.

 Here, Brown does no more than lodge garden-variety complaints about the stress and inconvenience associated with any criminal proceeding. She has not, for instance, endured the burden of pretrial detention. In fact, in at least one of her motions to continue the trial, Brown highlights as justification the fact that she "is currently not in pretrial custody." (Def.'s Mot. to Continue 2, Dec. 4, 2008.) *See Burmingham*, 788 F.2d at 936 (concluding that the absence of pretrial incarceration or other prejudice required denial of the defendant's speedy trial challenge); *Pemberton*, 813 F.2d 626, 628 (3rd Cir. 1987) (similar); *cf. Wells v. Petsock*, 941 F.2d 253, 257 (3d Cir. 1991) ("[T]he impairment of liberty resulting from pretrial incarceration is most serious and, thus, the gravity of the prejudice resulting from long delays before trial is considerably greater than when the defendant is not incarcerated."

(citations omitted)). Brown also has not argued that the delay has resulted in the loss of witnesses or evidence. *Cf. Barker*, 407 U.S. at 532 ("If witnesses die or disappear during a delay, the prejudice is obvious."); *Douglas v. Cathel*, 456 F.3d 403, 419 (3d Cir. 2006). To the extent Brown alleges that constraints on her freedom to leave the Virgin Islands have been a hardship for her, the Court is unconvinced, as she has not asserted any substantiated need for imminent travel.[12] *See Pemberton*, 813 F.2d at 629 (finding unpersuasive the defendant's argument "that he was not free to leave the territory [because] [h]e has put nothing on record as to any need to do so").

Under the circumstances presented here, Brown has made an insufficient showing of prejudice, and the Court, in its review of the record, perceives none. *See Government of Virgin Islands v. Duberry*, 923 F.2d 317, 323 (3d Cir. 1991) (rejecting a Sixth Amendment challenge where "we can find no reason in the record to conclude that the delay prejudiced [the defendant] and he does not claim it did").

None of the *Barker* factors, standing either alone or together, do Brown any good. Accordingly, on balance, the Court holds that the lag between Brown's arrest and trial does not violate the Sixth Amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Brown's motion to dismiss the indictment in its entirety. An appropriate order follows.

---

[12] In her motion, Brown states only in conclusory fashion that she has had to cancel family trips.