**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2011

Lyle W. Cayce
Clerk

No. 11-50002
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES CASEY MCDANIEL; CLIFFORD RANDALL POGUE, also known as
Clifford Randall Poque,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-67-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants James Casey McDaniel and Clifford Randall Pogue
appeal their convictions for conspiracy to possess with intent to distribute
methamphetamine.  McDaniel asserts that the evidence was insufficient to
establish a conspiracy.  Pogue similarly contends that the evidence was
insufficient to establish his participation in the conspiracy.  McDaniel's former
girlfriend testified that McDaniel and Pogue had a storage unit where she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

purchased methamphetamine from McDaniel. Other witnesses confirmed buying and using the drug at the storage building, including a witness who observed a friend meeting there with Pogue and McDaniel and returning to his vehicle with seven to fourteen grams of methamphetamine. Another witness testified that he used Pogue as an intermediary in his drug transactions with McDaniel and that he paid off his drug debt to McDaniel by working on Pogue's mother's car.

When the evidence, all reasonable inferences therefrom, and all credibility determinations are viewed in the light most favorable to the government, *see United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996), the evidence, although circumstantial, was sufficient for a reasonable trier of fact to find beyond a reasonable doubt that a tacit, mutual agreement existed between McDaniel and Pogue for the common purpose of possessing methamphetamine with intent to distribute. *See United States v. Infante*, 404 F.3d 376, 385 (5th Cir. 2005); *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995). The jury's construction was reasonable, and we will not second-guess it. *See United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001); *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994).

McDaniel and Pogue also challenge the sufficiency of the evidence to show that the substance allegedly distributed contained a detectable amount of methamphetamine, inasmuch as no physical evidence was recovered. Each person who testified about his or her drug transactions with McDaniel and Pogue was a regular user of methamphetamine with sufficient personal knowledge to identify it. Their testimony was sufficient to allow a reasonable factfinder to find this element beyond a reasonable double. *See Jaramillo*, 42 F.3d at 922-23.

Finally Pogue and McDaniel contend that the district court erred by denying their motions for dismissal under the Speedy Trial Act. Pogue asserts that three continuances sought by the government did not toll the limitation

period. McDaniel asserts that the government's third motion for a continuance did not toll the limitation period.

The 70-day window under the Speedy Trial Act began on April 15, 2010, when the appellants made their initial appearance before the district court. *See United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007). The limitation period ran for three days, until April 19, 2010, when McDaniel filed a motion for leave to file additional pre-trial motions. The district court granted that motion on April 23, 2010. *See United States v. Harris*, 566 F.3d 422, 429 (5th Cir. 2009). Another 44 days passed before June 7, 2010, when McDaniel filed a motion to continue the trial date. The district court granted that motion and set the trial date for August 2, 2010. The court excluded from the speedy trial calculation the period from June 8, 2010, to August 2, 2010, ruling that the continuance served the ends of justice and outweighed speedy trial concerns because it allowed McDaniel time to prepare for trial. *See United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997). Likewise, the time between McDaniel's July 21, 2010, motion in limine to exclude evidence of extraneous offenses and the hearing on the motion on October 18, 2010, also was excludable. *See United States v. Santoyo*, 890 F.2d 726, 728 (5th Cir. 1989). Accordingly, even if the government's motions did not toll the 70-day limitation period, only 47 non-excludable days passed before the trial began on October 19, 2010. The district court did not err in denying the motions to dismiss.

AFFIRMED.