# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 06-60244

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

CHARLES LEE PARKER,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Charles Parker claims his statutory and constitutional rights to a speedy trial were violated because his trial began over 550 days after his initial indictment. He also asserts that the jury verdict was based on insufficient evidence and that the district court erred in applying a life imprisonment sentencing enhancement. Finding no error, we affirm.

I.

The grand jury returned a seventeen-count indictment on April 20, 2004, against Parker, Spencer Jordan, and Rodney Boler alleging in part that they had participated in a conspiracy to distribute cocaine base, also known as "crack." The indictment charged Parker specifically in two counts: Count 1 alleged conspiracy to distribute more than 50 grams of crack cocaine, and count 17 alleged possession of 206.1 grams. Parker was arrested on April 28 and arraigned on May 17.

The original trial date, July 12, 2004, came and went. The district court entered an agreed-to order on July 15 in anticipation of a new superseding indictment, resetting trial for October 12. The grand jury returned a superseding indictment on July 28, alleging that Parker and the others had conspired to distribute more than 500 grams but less than 1,500 grams of crack. The new indictment also included money laundering charges against Jordan and new defendants Marzett Jordan and Annie Mae Jordan, who were arraigned on August 9.

Marzett Jordan, later joined by Annie Mae Jordan, moved to sever on August 24. Marzett Jordan then filed an unopposed motion to continue on September 20. The district court denied the motion to sever on January 7, 2005, and on January 14 Marzett Jordan renewed his motion to continue. On January 31 the court held a hearing on the motion to continue; Parker objected to any additional continuance. The court granted Marzett Jordan's motion.

The grand jury returned a second superseding indictment on May 5, 2005, adding six new charges against Marzett Jordan. A new trial was set for July 5, but on June 9 Marzett Jordan filed another motion to continue, and on June 16 he moved to dismiss or in the alternative for a more definite statement. Parker moved to dismiss for violation of his speedy trial rights pursuant to the Speedy Trial Act and the Sixth Amendment. The court denied the motion and scheduled

trial for October 31, 2005.

By October 31, only Parker remained in the case; he proceeded to trial. The jury found him not guilty of possession with intent to distribute 206.1 grams of crack but guilty of participating in a conspiracy to distribute 226.72 grams.

## II.

Parker argues that the district court erred in denying his motion to dismiss on speedy trial grounds. Neither his statutory nor his constitutional right to a speedy trial was violated.

## A.

We review "the factual findings supporting a Speedy Trial Act ruling for clear error and the legal conclusions de novo." United States v. Narviz-Guerra, 148 F.3d 530, 538 (5th Cir. 1998). The Speedy Trial Act requires commencement of trial within seventy non-excludable days of the information or indictment, or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161(c)(1).

A few actions toll the seventy-day clock. The first is for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this exclusion, "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." United States v. Franklin, 148 F.3d 451, 455 (5th Cir. 1998). Additionally, because an excludable delay of one codefendant is attributable to all codefendants, one codefendant's motion applies to the speedy trial computation of his codefendants. Id.[1] This provision "tolls the speedy trial clock during

---

[1] See 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion,
(continued...)

all delays between the filing of a motion and the conclusion of the hearing on that motion, regardless of whether the delay in holding that hearing is 'reasonably necessary.'" United States v. Bermea, 30 F.3d 1539, 1566 (5th Cir. 1994) (quoting Henderson v. United States, 476 U.S. 321, 330 (1986)). On the other hand, the government may not toll the speedy trial clock merely by filling superseding indictments. Id. at 1567.

Although 532 days passed between Parker's arraignment on May 17, 2004, and the commencement of trial on October 31, 2005, excludable events occurred during that period. First, the period was tolled from Parker's arraignment to the indictment of Marzett and Annie Mae Jordan on July 28, 2004. Parker disputes this, arguing that the superseding indictment should not be used in his computation because it alleged no new claims against him and that the new defendants were not charged under the same indictment but under a substantially different one. In his estimation, then, his speedy trial clock began with the original indictment

His reasoning is incorrect. The first indictment alleged a conspiracy to distribute 50 grams of cocaine, but the superseding indictment alleged a conspiracy among Parker, Boler, and Jordan to distribute more than 500 grams but less than 1,500 grams.

The superseding indictment does not allege a new crime: The penalty under 28 U.S.C. § 841 (b) is the same for the distribution of 50 grams as for 500 grams. Though Marzett and Annie Mae Jordan were not charged under the original indictment, they were charged with engaging in laundering the drug proceeds that Spencer Jordan had obtained through his participation in the conspiracy. The question then becomes whether the arraignment of the Jordans under

---

[1] (...continued)
from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

the superseding indictment on August 9, 2004, is the appropriate starting point for the speedy trial clock.

Even in light of our statements on the abuse of the superseding indictment, see Bermea, 30 F.3d at 1567, this case presents a different profile. The fundamental fear we identified in Bermea was the government's "circumventing the speedy trial guarantee through the simple expedient of obtaining superseding indictments with minor corrections." Id. That is not the situation here.

Were the government merely correcting the indictment, Parker's speedy trial clock would run from the original indictment. Instead, the government sought to widen the scope of the criminal investigation so as to try the conspirators to the crack's distribution with the conspirators in the money laundering operation resulting from that distribution. There is no abuse of the superseding indictment system, so the speedy trial clock begins to run from the arraignment on August 9.

The period of August 9 to October 12, 2004, was similarly excluded because of the original agreed-to order, which reset trial to October 12. During that period, Marzett Jordan filed a motion to sever, then moved to continue on September 20. There is no indication that the court ruled on that motion before ruling on the severance motion on January 7. The period of October 12, 2004, to January 7, 2005, was thus excluded because of the motion practice of Marzett Jordan. See 18 U.S.C. § 3161(h)(1)(F).

Marzett Jordan renewed his motion to continue the trial seven days later. The court held a hearing on the continuance motion on January 26 and granted it. Parker objected to a continuance, but the court decided, pursuant to 18 U.S.C. § 3161(h)(8)(A), that the ends of justice outweighed Parker's interest in a speedy trial. A July 5, 2006 trial date was scheduled, and the government obtained a second superseding indictment on May 5, 2005, charging Marzett Jordan with five new counts.

The speedy trial clock was thus reset to the time of the second superseding indictment. Without objection, the court entered discovery orders, which excluded thirty days from the speedy trial clock.

Moreover, June was a busy month for the various defendants' motion practice. Marzett Jordan moved for a continuance on June 9 and to dismiss the indictment or for a more definite statement on June 16. Parker moved to dismiss on speedy trial grounds on June 22. The court heard all of these motions at an August 11 hearing and denied them all except for Marzett Jordan's motion for a more definite statement. The court set trial for October 31, 2005. Marzett Jordan pleaded guilty to a separate felony information filed on October 28. Parker went to trial as scheduled. The court did not err in denying Parker's speedy trial challenge.

## B.

Parker asserts that his Sixth Amendment right to a speedy trial has been violated. The Sixth Amendment affords Parker "the right to a speedy . . . trial." U.S. CONST. amend. VI. In Barker v. Wingo, 407 U.S. 514 (1972), the Court set forth four factors in assessing Sixth Amendment claims: "(1) length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." United States v. Hernandez, 457 F.3d 416, 420 (5th Cir. 2006) (quoting United States v. Cardona, 302 F.3d 494, 496 (5th Cir. 2002)). Where, as here, more than one year has passed, this court undertakes a full Baker analysis, id., looking to the first three factors to decide whether prejudice will be presumed, id. at 421. "Prejudice may be presumed where the first three factors weigh 'heavily' in the defendant's favor." Id. Otherwise, he must demonstrate actual prejudice.

The standard of review for Sixth Amendment claims is bifurcated. We review factual findings for clear error. United States v. Frye, 372 F.3d 729, 735

(5th Cir. 2004). The Barker factors are reviewed either de novo or for clear error. Frye, 372 F.3d at 735-36. Although it is uncertain which standard prevails, Parker's Sixth Amendment right was not violated under either.

### 1.

As for length of delay, the seventeen-month period was not long enough to presume prejudice. We have held that delays of less than five years are not enough, by duration alone, to presume prejudice.[2] Parker does not dispute that delays similar in length to his have not led to a presumption of prejudice. Accordingly, this factor does not weigh in his favor.

### 2.

As for the reason for the delay, Parker argues that four trial dates were set and that the government used the superseding indictments as ways around them. "Under Dogget v. United States, [505 U.S. 647, 656 (1992)], the second Barker factor cuts strongly in favor of a defendant where the Government acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant." Hernandez, 457 F.3d at 421. In his brief on appeal, Parker states that "[t]here is no evidence, and your appellant makes no claim, that the Government acted in bad faith."

Parker does contend that in attempting to develop its case against others, the government failed diligently to pursue its prosecution of him and that that fact is reflected in the large number of trial settings. We have recognized a "middle ground" "where the weight assigned to the factor increases as the length of the delay increases." Serna-Villereal, 352 F.3d at 232. This "middle ground"

---

[2] Hernandez, 457 F.3d at 421 (fourteen-month delay not long enough); Frye, 372 F.3d at 737 (sixteen months); United States v. Serna-Villarreal, 352 F.3d 225, 232 (5th Cir. 2003) (three years and nine months insufficient).

comes into play where the case falls somewhere between diligent prosecution and bad faith delay and demonstrates negligent prosecution. Id.

Parker does not claim the government pursued the prosecution negligently; instead, his argument on the second factor is that it did not pursue his prosecution quickly because it sought to include Marzette, Annie Mae, and Spencer Jordan in one indictment and to have them plead guilty at the same time. According to Parker, his co-defendants continued to ask for continuances because the government insisted on an all-defendants-or-none plea deal. Parker argues that this tactic is improper, relying on United States v. Hall, 181 F.3d 1057 (9th Cir. 1999).

In Hall, the court held that Hall's trial should have been severed from that of his codefendant where the codefendant sought continuances to reach a plea agreement. Id. at 1062-63. Hall does not, however, deal with the second Baker factor but instead addresses the reasonableness, under the Speedy Trial Act, of assigning the codefendant's excludable motions to Hall. Id. Parker does not allege that the Sixth Amendment has a similar reasonableness requirement and admits that this was good litigation strategy. By itself, then, his assertion that the government delayed his trial first to bring Marzett and Annie Mae Jordan into the case and second to assure a plea agreement is not enough for us to presume prejudice.

3.

In regard to whether Parker diligently asserted his speedy trial right, he did not oppose the delay from his indictment to October 2004 but, instead, agreed to the first reset of the trial date. He first affirmatively pressed his right when he opposed Marzett Jordan's January 2005 motion for continuance. He further asserted the right by moving to dismiss for lack of speedy trial on June 22, 2005. The court denied the motion on August 11, and trial began 131 days

later on October 31.

Mere assertion of the speedy trial right is not enough for this factor to weigh in a defendant's favor. If he waits too long, his pre-assertion silence will be weighed against him.[3] We have set no absolute limit on the amount of time that must pass before a defendant raises a claim; instead we look to the totality of the proceedings.

Eight months passed between Parker's indictment and his first affirmative indication that he wanted trial to proceed. A further six months passed before he affirmatively asserted his right to a speedy trial. It is not evident that he was diligent in asserting his speedy trial right: Why, for example, did he wait fourteen months to assert his right affirmatively? Taken together, these factors weigh against presumed prejudice.

4.

As for prejudice, it is not presumed where, as here, because the first three factors do not point in Parker's direction; he must show actual prejudice. Frye, 372 F.3d at 739. The speedy trial right serves to protect three interests: "to prevent oppressive pretrial incarceration," "to minimize anxiety and concern of the accused," and "to limit the possibility that the defense will be impaired." Id. at 739-40 (quoting Barker, 407 U.S. at 532).

Parker does not allege that the delay undermined any of these interests. For example, though he points to the more than 500-day delay between indictment and trial, he does not allege any facts to demonstrate that it was oppressive. Further, he presents no facts with respect to the two other interests.

Parker relies instead on United States v. Bova, 493 F.2d 33 (5th Cir. 1974),

---

[3] See Robinson v. Whitley, 2 F.3d 562, 569 (5th Cir. 1993) (twelve months); United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir. 1976) (twenty-seven months). This is because "[t]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interest of the accused." Barker, 407 U.S. at 519.

in which we held that misjoinder was inherently prejudicial. The Supreme Court, however, has since held that misjoinder is subject to a harmless error standard, and the defendant must demonstrate actual prejudice. United States v. Lane, 474 U.S.438, 449 (1986). Because Parker has not demonstrated actual prejudice, and the factors do not lead to a presumption of prejudice, his Sixth Amendment rights were not violated.

## III.

Parker argues that the life-sentence enhancement violates his Eighth Amendment right to be free from "cruel and unusual" punishment. U.S. CONST. amend. VIII. Our review of Eighth Amendment challenges is narrow. United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993). "The appellate court is not to substitute its judgment for that of the legislature nor of the sentencing court as to the appropriateness of a particular sentence; it should decide only if the sentence is within the constitutional limitations." Id.

Title 21 U.S.C. § 841(b)(1)(A) provides that "if any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . ." The legislature, not the courts, has the primary prerogative in determining sentences. United States v. Gonzalez, 121 F.3d 928, 942 (5th Cir. 1997).

Parker's sentence was enhanced to life imprisonment because of two  convictions for sale of marihuana. The first conviction was in 1980 and the second in 1986. According to Parker, there was no information as to the amount of marihuana in the sales. He does not challenge, however, that the convictions are felonies and that they were applicable to sentencing under the statute.[4] Instead,

---

[4] The closest Parker comes to challenging the prior convictions is the statement that
(continued...)

he argues that the district court erred in not taking into account the age of the convictions.

There is no dispute that the statute does not reference the age of the convictions. The one case Parker cites, United States v. Mays, 466 F.3d 335 (5th Cir. 2006), cert. denied, 127 S. Ct. 1313 (2007), does not support his position. There we held that the use of a juvenile conviction for sentence enhancement did not violate the Eighth Amendment. Id. at 340. Parker tries to distinguish his case by saying that it presents only the question of the age and type of conviction, but he points to no constitutional prohibition against the use of convictions of a certain age.[5] Under our standard of review, therefore, Parker's challenge to his life sentence fails.

## IV.

The jury convicted Parker of entering into a conspiracy to distribute 226.72 grams of crack. He unsuccessfully moved for judgment of acquittal at the close of all the evidence. He asks us to reverse for insufficient evidence.

We review "in the light most favorable to the jury verdict and affirm if a rational trier of fact could find that the government proved all essential elements beyond a reasonable doubt." United States v. Grossman, 117 F.3d 255, 258 (5th Cir. 1997). The verdict is given great deference, which we have described as "imposing." Id. Parker seems to ask us to reach our own conclusion on the evidence, but that is not the standard.

---

[4] (...continued)
"appellant stated to counsel that the conviction was for sale of less than one ounce." Parker does not challenge that the judgment of conviction for each offense was properly attached to the government's filing.

[5] Parker tries to impose a 15-year limit on the age of convictions by referencing the Federal Sentencing Guideline. Although U.S.S.G. § 4A1.2(e) (Nov. 2005) does look only to sentences less than 15 years old, this is not a guidelines case. The life sentence enhancement was incorporated into the statute, so Parker's argument fails.

We look only to whether a jury could have reached its verdict beyond a reasonable doubt. To find a defendant guilty of participating in a drug conspiracy, the government must show "(1) there was an agreement between two or more persons to possess controlled substances with the intent to distribute; (2) the defendant knew of the conspiracy and intended to join it; and (3) the defendant voluntarily participated in the conspiracy." United States v. Haas, 150 F.3d 443, 447 (5th Cir. 1998).

Parker argues that the testimony of three government witnesses was not enough to convict. In particular, he suggests that reliance on the testimony of Rodney Boler, a co-conspirator, was insufficient. It is true that Boler was not listed as a co-conspirator in the final indictment, but that is because he had pleaded guilty and agreed to testify for the government. Parker therefore cannot legitimately argue that Boler lacked any knowledge of the conspiracy; rather he wishes to undermine Boler's credibility. Parker specifically points to a portion of Boler's testimony in which the latter admits that he is testifying in part for his own benefit.

The weight and credibility of the evidence are the sole province of the jury. United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992). It makes no difference if, as Parker claims, "but for the testimony of Rodney Boler, the only evidence provided to the jury simply indicated a mere association between Charles Lee Parker and Spencer Jordan." If the jury believed the testimony, that is enough. Taking the evidence in the light most favorable to the prosecution, there were sufficient bases for the jury to find Parker guilty of conspiring to distribute crack.

AFFIRMED.