**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 07-30318

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID O. WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-cr-20098-2

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

On July 14, 2004, the Government charged David O. Williams ("Williams") and seven others with a single count of conspiracy to possess with intent to distribute over 500 grams of methamphetamine. Approximately two years after Williams's arraignment, substitute counsel was appointed after all investigation, discovery, and pretrial matters had concluded. Subsequently, substitute counsel filed a motion to dismiss based on a violation of the Speedy Trial Act. The district court denied the motion. Williams went to trial before a jury, was found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty, and sentenced to 262 months in prison. Williams appeals the district court's denial of the motion to dismiss. We AFFIRM.

## I. PROCEDURAL BACKGROUND[1]

On July 14, 2004, Williams was charged, along with seven other individuals, with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On August 9, 2004, Williams pled not guilty to the charges and was detained pending trial. Trial was set for September 13, 2004, but several of Williams's co-defendants were subsequently arrested and arraigned. The last co-defendant appeared before the court on October 25, 2004. The co-defendants filed motions for continuance, resulting in a new trial date of December 6, 2004.

On November 19, 2004, the district court entered an order continuing the December trial date, noting that the defendants had not had time to file their discovery motions, or to adequately assess any information that had been provided to them by the Government. The court also explained that the case was "complex based upon the number of defendants, their locations throughout Texas and Louisiana, the number of witnesses, and the fact that no one [had] been severed" from the case. Finally, the court noted that the case involved novel questions of fact or law and a voluminous amount of discovery material. Thus, the court concluded that a continuance was necessary to provide defense counsel with the reasonable time necessary for effective preparation.

On November 29, 2004, Williams acting *pro se*, filed a letter with the court that the court construed as a motion to dismiss, motion to set trial, and motion for speedy trial. The court denied these motions on December 7, 2004, referencing its November 19, 2004 order certifying the case as complex and

---

[1] The factual background leading up to Williams arrest and indictment is irrelevant to the issue presented on appeal.

continuing the trial. On March 30, 2005, the court set the trial date for May 2, 2005.

On April 13, 2005, Corbie Williams ("Corbie") filed a motion to continue, asserting a need for more time to prepare for trial, and the court re-set the trial for August 8, 2005. On July 25, 2005, Corbie filed a motion to suppress evidence. On August 3, 2005, the district court continued the trial date to September 12, 2005, because the pending motion to suppress would require a pre-trial hearing and one of the co-defendants had recently obtained new counsel and would require time to prepare. The court set a hearing on the defendants' motion to suppress for September 9, 2005. Between April 2005 and August 9, 2005, six of Williams's co-defendants pled guilty, leaving only Williams and Corbie.

On September 6, 2005, the Government filed a motion to continue the suppression hearing and pre-trial conference because the Federal Bureau of Investigation ("FBI") and drug task force case agents had been deployed to New Orleans to assist in Hurricane Katrina relief efforts. The court granted the motion, and entered an order resetting the hearing on the motion to suppress for December 9, 2005, and the trial for December 12, 2005. On September 20, 2005, Corbie died, leaving Williams as the sole defendant on the charges set forth in the indictment.

On December 9, 2005, the district court held a hearing on Williams's motion to suppress. The court held the hearing and evidence "open" to (1) permit the Government to introduce additional evidence, (2) permit Williams's counsel additional time to identify relevant portions of a 450-page transcript to the court, and (3) review *in camera* a witness list including the names of thirty-five individuals Williams wished to call as witnesses at the suppression hearing. The court determined that jury selection for the trial would not begin on December 12, 2005, as scheduled.

On December 29, 2005, Williams's court-appointed defense attorney moved to withdraw as counsel of record, and the district court granted the motion on

January 6, 2006. In late January 2006, new counsel, Andrew Casanave ("Casanave"), was appointed to represent Williams and the court stated that once Casanave had reviewed the transcript of the December 9th hearing, a continuation of that hearing and a trial date would be scheduled.

On May 10, 2006, the court re-set the trial for July 31, 2006. On June 19, 2006, Williams filed a motion to suppress oral statement, and the court permitted him to introduce additional testimony and documentary evidence later that day at the continuation of the motion to suppress hearing. After hearing oral argument, the court denied the motions to suppress.

On July 25, 2006, Williams filed two motions to suppress, and the district court entered an order setting a hearing on these motions for July 31, 2006. On July 26, 2006, Williams filed a *pro se* document alleging a conflict of interest with Casanave. On July 29, 2006, Casanave filed a motion to withdraw as counsel. On July 31, 2006, the court considered the motion to withdraw, granted the motion because Williams taped conversations with Casanave without Casanave's knowledge, ordered new counsel appointed, and that new counsel contact Williams within seventy-two hours of appointment. The court continued the hearing on the motions to suppress and trial without a date until new counsel was appointed. On August 7, 2006, the court appointed Paul Marx ("Marx") as counsel, and he enrolled as counsel of record for Williams on August 9, 2006. That same day, the district court set trial for January 8, 2007, and ordered that a hearing would be held on the motions to suppress on that same date.

On November 13, 2006, Williams filed a motion to dismiss the indictment asserting that the delay in bringing the defendant to trial violated the Speedy Trial Act, 18 U.S.C. § 3161 (1990).[2] Williams also filed a motion to disqualify the

---

[2] 18 U.S.C. § 3161 was amended in 2008, but the proceedings in this case occurred before the 2008 amendments. The 1990 version of § 3161 was applicable during the course of these proceedings.

Assistant United States Attorney prosecuting the case, and the Government responded to these motions on November 20, 2006.

On December 7, 2006, the district court denied the motion to dismiss the indictment, noting that the speedy trial clock was suspended on several occasions due to pending motions, that the continuances were made in the interest of justice, and that the trial was not continued indefinitely.

On January 4, 2007, the defendant filed a motion *in limine* to exclude certain audiotapes from the Government's case-in-chief. The Government filed its response on January 8, 2007, the day of trial, and the court conducted a hearing on the outstanding motions. At the conclusion of the hearing, the court granted a request by Williams's counsel that the record be left open so he could attempt to obtain information regarding whether Williams was represented by counsel at the time he gave some of the statements at issue. The court, however, denied the motions to suppress. Immediately following this hearing, the jury was empaneled.

On the third day of trial, the jury returned a guilty verdict against Williams on the sole count of the indictment. On January 19, 2007, Williams filed a premature notice of appeal *pro se*. On April 19, 2007, the district court sentenced Williams to 262 months imprisonment, to be followed by a term of supervised release of ten years.

Williams appeals the denial of his motion to dismiss based on a violation of the Speedy Trial Act.

## II. ANALYSIS

This Court reviews the district court's factual findings supporting a ruling under the Speedy Trial Act for clear error and its legal conclusions *de novo*. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007). A district court's factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Molina*, 469 F.3d 408, 413 (5th Cir. 2006).

The Speedy Trial Act requires commencement of trial within seventy non-excludable days of the information or indictment, or when the defendant first appears before the court, whichever is later. *Parker*, 505 F.3d at 326. The Speedy Trial Act, however, contains exclusions which toll the seventy-day clock. *Id.* After reviewing the record, we are satisfied that the following exclusions applied and tolled the seventy-day clock: (1) an early finding by the district court that the case was complex due to the multiple number of defendants and that it presented a novel question of law,[3] *see* § 3161(h)(8)(B)(ii); (2) the seventy-day clock did not begin to run until the last co-defendant in the case appeared before the court on October 25, 2004, *see* § 3161(h)(7); *see also Parker*, 505 F.3d at 326-27; (3) several delays resulting from filing various pretrial motions, including motions to suppress, withdraw counsel, *in limine*, etc., *see* § 3161(h)(1)(F); (4) a period of delay resulting in the absence and unavailability of essential witnesses due to Hurricane Katrina, *see* § 3136(h)(3); and (5) multiple exclusions based on the district court's finding that a continuance was necessary based on the court's findings that the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial, *see* § 3161(h)(8).

Williams argues that the delay between the time Marx was appointed counsel and the date set for trial violated the Speedy Trial Act because the time period exceeded seventy days. His argument lacks merit. The two motions to suppress were pending from the time Marx was appointed through the date of trial. As this Court has explained, "[p]ending motions will toll the trial clock indefinitely; there is no independent requirement that the delay attributable to the motions be 'reasonable.'" *United States v. Kington*, 875 F.2d 1091, 1109 (5th Cir. 1989). Furthermore, during the hearing where the district court accepted Casanave's motion to withdraw, the district court explained that because of the

---

[3] Williams states that he does not challenge the district court's determination that the case was complex. Appellant's Br. 10.

appointment of new counsel and the need for the new attorney to "get up to speed . . . it [wa]s in the best interest of justice that [the court] continue this trial." Once counsel was appointed, the court acted on its previous determination that a continuance was necessary in the best interest of justice and set the trial date for January 8, 2008. The court's actions were proper under § 3161(h)(8)(B)(iv) and tolled the time from August 7, 2006, through January 8, 2007. *See also United States v. Westbrook*, 119 F.3d 1176, 1188 (5th Cir. 1997) (finding that a five month open-ended continuance was not unreasonable and collecting cases to support the finding).

Williams also argues that the district court erred in "never" assessing how many of the days from October 25, 2004, the date Williams's rights under the Speedy Trial Act commenced, through November 13, 2006, the date Williams filed the motion to dismiss, "counted against the 70-day period" outlined in § 3161. Williams did not, however, object to the district court's failure to provide a tally of all non-excluded days and does not provide a citation to caselaw or statute that requires the district court to engage in a detailed analysis. The Government argues that "[u]nlike other unpreserved claims, even plain error review is not available as to Speedy Trial Act issues that are not properly raised before trial." *See United States v. Belton*, 520 F.3d 80, 81 (1st Cir. 2008), *United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008) (explaining that while unpreserved constitutional claims are subject to review for plain error, unpreserved Speedy Trial Act claims are deemed waived, in accordance with § 3162(a)(2)). Yet even assuming, *arguendo*, that the plain error standard of review applies, Williams's claims must fail. *See United States v. Green* 324 F.3d 375, 381 (5th Cir. 2003) (applying the plain error standard of review where the theory on appeal is different from that raised before the trial court).

Williams's motion to dismiss under the Speedy Trial Act consisted of the following broad claims:

1-a - Defendant was indicted more than two years ago, and was arrested by the State of Texas in February 2004 and subject to continuous custody since.[4]

1-b - More than 70 days have passed since the indictment, and David Williams has not waived the Speedy Trial Act, and much to the contrary has in fact asserted his desire for its application to this case.

1-c - The delays encountered to include [*sic*] a natural disaster in Lake Charles, Louisiana, however this Court did not cease operations for an extended period of time, and neither that nor any other cause for delay was created or caused by Defendant.

1-d - None of the reasons for delay provided for under the Speedy Trial Act apply to this case, and the Court has not made detailed findings of any specific facts provided by the Act.

The matter has effectively been delayed indefinitely.

In addition, Williams's memorandum in support of his motion to dismiss discusses § 3161(h)(8), explaining that the provision had been used by courts in conjunction with a waiver form in which the defendant waived application of the Speedy Trial Act. Williams then noted that the Supreme Court held that the Speedy Trial Act cannot be waived in advance by a defendant. *See Zedner v. United States*, 547 U.S. 489 (2006). Williams then explained that "defense motions and issues related to counsel are subject to consideration within the provisions of the act." The district court ruled explicitly on each of the claims presented by Williams in his motion to dismiss.

The district court distinguished the proceedings from *Zedner* because there was "no waiver 'for all time' by any defendant" in the case, including Williams. This finding by the district court was responsive to the claims made by Williams in section 1-b of his motion to dismiss and the majority of the arguments in his

---

[4] This section merely states an undisputed fact that is not sufficient grounds for a motion to dismiss under the Speedy Trial Act.

memorandum in support for his motion to dismiss. The court also explained that "[t]rial was impossible" due to Hurricanes Katrina and Rita, and explained that the Government filed a motion to continue due to the unavailability of witnesses. This finding by the district court was responsive to the claims made by Williams in section 1-c of his motion to dismiss and, as is explained above, under § 3161(h)(3), unavailability of witnesses is an exclusion under the Speedy Trial Act. In addition, the district court directly ruled on Williams's assertions in section 1-d of his motion to dismiss, finding that "the intervening motions practice suspended the clock on many occasions. Continuances in this case where [*sic*] made in the interest of justice and the trial was not continued indefinitely." Finally, the district court ruled that several delays "were a direct result of defense motions, the defendant's behavior and his repeated failure to work with his appointed counsel." This finding by the district court ruled on the remaining arguments in Williams's memorandum in support for his motion to dismiss. Given that the district court ruled on each of Williams's points of concern in his motion to dismiss, this Court concludes that the district court did not commit plain error in not providing Williams with a detailed tally of excludable days.

Furthermore, the Government provides a detailed analysis of the proceedings and concludes that from the time the speedy trial clock began to run on October 25, 2004 through the time Williams filed his motion to dismiss only a possible sixty-four non-excludable days had elapsed. In reply, Williams objects only to the Government's assertion that the district court's delay in ruling on the motions to suppress until the date of trial are properly excluded under § 3161. As is explained above, under the law of this Court, a pending motion tolls the trial clock. *See, e.g., United States v. Saenz*, 286 F. App'x 166, 167, 170 (5th Cir. 2008) (holding that pretrial motions pending from shortly after the defendant's initial appearance through a week before trial, approximately sixteen months, tolled the speedy trial clock). Given that Williams makes no other objections to

the Government's calculation, we hold that there was no violation of Williams's rights under the Speedy Trial Act.

## III. CONCLUSION

For the foregoing reasons, the district court's denial of Williams's motion to dismiss is AFFIRMED.