**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

Charles R. Fulbruge III
Clerk

No. 09-50253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR DEMORTIUS WILLIAMS, also known as Omar Williams,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-38-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Omar Demortius Williams of possession with intent to distribute at least 50 grams of cocaine base (crack) within 1,000 feet of a public school (count one) and possession with intent to distribute cocaine base (count two). The district court sentenced Williams to life in prison on count one and 240 months on count two and ordered the sentences to run concurrently. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues that the imposition of a life sentence is cruel and unusual punishment under the Eighth Amendment. He argues that the gross disproportionality between his life sentence and the sentences for similar crimes in this and other jurisdictions makes his life sentence unconstitutional. Williams asserts that the prior convictions that qualified him for the life sentence were "relatively minor offenses," two being state jail felonies and one, a more serious felony. He asks this court to consider the disparity between crack cocaine and powder cocaine sentences and argues that a departure based on such disparity can be reasonable.

Williams's arguments are foreclosed. *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991); *United States v. Harris*, 566 F.3d 422, 436 (5th Cir. 2009), *petition for cert. filed*, (Aug. 20, 2009) (No. 09-7385); *United States v. Parker*, 505 F.3d 323, 330-31 (5th Cir. 2007). Williams's reliance on *Kimbrough v. United States*, 552 U.S. 85 (2007) is misplaced. *Kimbrough* recognized that district courts remain bound by the statutory minimum sentences in § 841(b)(1). *Kimbrough*, 552 U.S. at 107.

Accordingly, Williams's conviction and sentence are AFFIRMED.