# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

No. 11-60060
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDALL T. THIRSK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-126-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judge.

PER CURIAM:[*]

Randall T. Thirsk appeals his conviction of one count of submitting a false claim, two counts of making false statements, and one count of theft of government funds in violation of 18 U.S.C. §§ 287, 641, 1001. Thirsk's charges arose in connection with a claim for assistance from the Federal Emergency Management Agency (FEMA) for property damage caused by Hurricane Katrina. He argues that the district court erred by failing to dismiss the indictment based on a Sixth Amendment violation of the right to a speedy trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60060

Thirsk was indicted for the offense on December 6, 2006, but was not arrested and arraigned until August 25, 2010. On October 15, 2010, Thirsk filed an out-of-time motion to dismiss the indictment contending that the delay impaired his ability to defend himself. Specifically, Thirsk argued that the delay caused the memories of witnesses to fade and records to be lost, and made it difficult to track down other witnesses whose whereabouts were unknown. The district court denied Thirsk's motion, concluding that he was not entitled to a presumption of prejudice and could not make a sufficient showing that he was actually prejudiced by the delay. Following a jury trial, Thirsk was convicted on all counts. The district court sentenced him to eight months in the custody of the Bureau of Prisons to be followed by two consecutive two-year terms of supervised release, and ordered Thirsk to pay a fine and restitution.

To determine whether a defendant's right to a speedy trial has been violated, a court balances four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). This court reviews the factual findings of the district court for clear error and the weighing of the *Barker* factors de novo. *United States v. Bishop,* 629 F.3d 462, 466 (5th Cir. 2010) (internal citations omitted).

When, as in this case, more than one year has passed between indictment and trial, we "undertake[] a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (internal citations omitted). The district court committed no error in concluding that prejudice should not be presumed. First, the delay of three years and eight months is not sufficient to warrant a presumption of prejudice. *See United States v. Frye,* 489 F.3d 201, 210 (5th Cir. 2011); *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003). With respect to the reason for the delay, as Thirsk concedes, any delay attributable to the Government was not intentional or the result of bad faith. Assuming,

2

No. 11-60060

without deciding, that the delay fell within the "middle ground," as the district court found, we agree with the court that this factor does not weigh heavily in favor of a presumption. *Serna-Villarreal,* 352 F.3d at 232-33. As for the timely assertion of the right, Thirsk's motion to dismiss the indictment, standing alone, is not sufficient. *See Frye,* 489 F.3d at 211-12.

Finally, Thirsk has failed to make a showing of actual prejudice. His conclusional assertions on this point are insufficient. *See Goodrum v. Quarterman,* 547 F.3d 249, 262 (5th Cir. 2008). In addition, our review of the record and the district court's reasons satisfy us that the district court committed no error in rejecting Thirsk's claim of actual prejudice. *See Barker*, 407 U.S. at 532.

The judgment of the district court is AFFIRMED.