# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2013

No. 11-41127

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SIPRIANO GALAZ-PEREZ; REYNALDO ENRIQUE VASQUEZ-FERNANDEZ;

Defendants - Appellants

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-242-3

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Sipriano Galaz-Perez and Reynaldo Enrique Vasquez-Fernandez (collectively, the "Defendants") appeal their convictions for conspiracy to possess with intent to distribute more than five hundred grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We AFFIRM.

## I. BACKGROUND AND PROCEDURAL HISTORY

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41127

Juan Rios was arrested for possessing methamphetamine and eventually pleaded guilty to conspiring to possess with intent to distribute the substance. As part of his cooperation with law enforcement, Rios convinced Pedro Sanchez-Rios to transport five pounds of methamphetamine from Oklahoma City to a purchaser in Texas. During the transport, law enforcement officers detained the vehicle carrying the methamphetamine, but Rios and Sanchez-Rios—who were traveling in separate vehicles—drove away and were not arrested.

Having lost the drugs, Sanchez-Rios asked Rios if his Texas buyer would purchase more methamphetamine. Sanchez-Rios then asked Vasquez-Fernandez—who had supplied Sanchez-Rios with narcotics about ten times previously—to loan him more methamphetamine for the transaction. Sanchez-Rios promised Vasquez-Fernandez that he could keep the proceeds of the sale.

Sanchez-Rios later met with Vasquez-Fernandez and Galaz-Perez, and the group discussed selling five pounds of methamphetamine to Rios's purchaser. The next day, the three met with Rios at a restaurant in Gainesville, Texas. During this meeting, Sanchez-Rios explained to Rios that Vasquez-Fernandez and Galaz-Perez owned the drugs and that he owed them around $300,000. Rios requested to see the methamphetamine, but Vasquez-Fernandez refused until he saw the money and met the buyer. In response, Rios backed out of the deal and told the Defendants that they could meet the buyer at a restaurant in Sanger, Texas. Later that day, a police officer pulled over a vehicle driven by Sanchez-Rios. No drugs were found, but the Defendants were arrested.

At trial, Rios and Sanchez-Rios testified along with six other Government witnesses. A jury convicted the Defendants of conspiracy to possess with intent to distribute methamphetamine, and the district court sentenced each defendant to 235 months imprisonment and five years of supervised release. The Defendants timely appealed.

## II. DISCUSSION

No. 11-41127

The Defendants appeal their convictions based on: (1) the district court's limitation of Rios's cross-examination, which they claim violated their Sixth Amendment confrontation rights, and (2) the alleged insufficiency of evidence supporting their convictions.  We reject both challenges.

### A.     Rios's Cross-Examination Satisfied the Confrontation Clause

During Rios's cross-examination, the Defendants sought to introduce details related to his convictions for the unauthorized use of a credit card, the obtaining of money by false pretenses, and a theft over $1,500.  The district court limited the scope of questioning concerning these convictions, however, to only the fact of the convictions and name of the offenses.  Because the Defendants objected under Federal Rule of Evidence 405(b), rather than the Confrontation Clause, we review for plain error.  *See United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007); *United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003).

Our consideration of the district court's decision begins and ends with the first element of plain error review because we conclude that the district court did not err in limiting the scope of Rios's cross-examination.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining that the first element of plain error review requires that "there must be an error or defect").  A defendant's right to cross-examination is not unlimited.  *United States v. Bernegger*, 661 F.3d 232, 238 (5th Cir. 2011).  The Sixth Amendment confrontation right is satisfied in this regard so long as "the jury had sufficient information to appraise the bias and motives of the witness" and to draw inferences about the witness's reliability.  *Id.* (citation and quotation marks omitted); *United States v. McCullough*, 631 F.3d 783, 790 (5th Cir. 2011) ("A defendant's Confrontation Clause rights are satisfied when defense counsel is permitted to expose to the jury the facts from which the jurors . . . could appropriately draw inferences relating to the reliability of the witness." (citation and internal quotation marks omitted)).

3

No. 11-41127

To this end, we have previously held that a defendant's Sixth Amendment confrontation right is satisfied even when the district court limits cross-examination to basic information concerning a witness's prior convictions.[1] *See, e.g., McCullough*, 631 F.3d at 791 (holding no confrontation right violation where the district court limited cross-examination to "*basic information* about [the witness's] convictions" and prohibited, *inter alia*, descriptions of the witness's conduct during the incidents leading to his convictions (emphasis added)); *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993) (holding that the district court satisfied the Confrontation Clause by permitting the defendant to present facts concerning the adverse witness's plea agreement and incentives to cooperate). In sum, establishing a Confrontation Clause violation requires a defendant to show "that a reasonable jury might have had a significantly different impression of the witness's credibility if defense counsel had been allowed to pursue the questioning." *United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004).

The Defendants fail to make such a showing. As in *McCullough* and *Restivo*, the jury here had ample evidence to evaluate Rios's potential bias. The district court permitted the Defendants to question Rios concerning the fact of his convictions and the name of the offenses, thereby allowing inquiry into the "basic information" related to Rios's convictions. Rios himself testified that he had pleaded guilty to obtaining money by false pretenses and unauthorized use of a credit card. Further, he told the jury that he pleaded guilty to another "theft

---

[1] The Defendants rely on *United States v. Estrada* despite the fact that the *Estrada* court *rejected* an analogous Confrontation Clause challenge. 430 F.3d 606, 621 (2d Cir. 2005). The *Estrada* court held that limiting the scope of questioning concerning the adverse witnesses' prior convictions to the fact and date of their felonies, while excluding the statutory names of those felonies, satisfied the Sixth Amendment. *Id. Estrada* therefore suggests that the district court here—which permitted the Defendants to introduce the names of Rios's convictions—did not have to allow questioning into the details of Rios's convictions.

4

charge" and for possessing a firearm as a felon. Rios also discussed his cooperation with law enforcement and suggested that his sentence could be reduced based on his testimony.

Galaz-Perez's attorney's opening and closing statements also revealed Rios's potential bias. In his opening statement, counsel pointed out that Rios had been "arrested and jailed many times," that he "knows how to work the system," and that his "testimony [was] bought" by the Government. During his closing argument, Galaz-Perez's attorney reminded the jury that Rios "was convicted of theft over $1,500, was convicted of the unauthorized use of a credit card, was convicted of obtaining money by false pretenses, and . . . was convicted of [being] a felon [in possession] of a firearm." Finally, the district court's jury charge reminded the jurors of Rios's convictions and informed them that such convictions could be used in weighing his credibility. Accordingly, based on the extent of the evidence and argument presented to the jury concerning Rios's credibility, we conclude that no Confrontation Clause violation occurred and the district court remained "well within [its] discretion" in limiting the scope of cross-examination. *McCullough*, 631 F.3d at 791; *see also United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008) ("If there is no constitutional violation, then we review a district court's limitations on cross-examination for an abuse of discretion, which requires a showing that the limitations were clearly prejudicial.").

**B.     The Defendants' Convictions Rest on Sufficient Evidence**

We also reject the Defendants' sufficiency-of-the-evidence claims, which focus primarily on attacking the credibility of Rios and Sanchez-Rios. "We review properly preserved claims that a defendant was convicted on insufficient evidence with substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir.)(en

banc)(internal citation and quotation marks omitted), *cert. denied*, 133 S. Ct. 525 (2012).  Importantly, "[t]he scope of our review of the sufficiency of the evidence after conviction by a jury is narrow," *United States v. Bermea*, 30 F.3d 1539, 1551 (5th Cir. 1994), because determining "[t]he weight and credibility of the evidence are the sole province of the jury," *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007).  Consequently, we assess the credibility of the testimony of Rios and Sanchez-Rios only to the extent that it may be incredible as a matter of law.  "Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature."  *Bermea*, 30 F.3d at 1552.

The Defendants have failed to establish that Rios or Sanchez-Rios's testimony was "incredible as a matter of law."  Instead, Vasquez-Fernandez asserts that these co-conspirators lacked credibility because they "had every reason to lie" because they agreed to testify against the Defendants with the expectation that it would benefit them in the adjudication of their own criminal charges.  Similarly, Galaz-Perez merely suggests that Rios lacks credibility as a witness because he is "a career criminal with ample incentive to introduce untruthful testimony against" the Defendants.  Accordingly, the Defendants advance credibility arguments over which reasonable minds can differ and that fall within the province of the jury.  Their sufficiency-of-the-evidence challenges thus must fail.

## III.  CONCLUSION

The limitation of Rios's cross-examination in this case does not run afoul of the Confrontation Clause and lies within the district court's discretion.  The Defendants' sufficiency-of-the-evidence claims ask us to revisit the jury's credibility determinations, which we cannot do absent circumstances not present here.  Accordingly, we AFFIRM the Defendants' convictions.