# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHELLEY R. CALLAHAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-119-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

A single-count indictment charged Shelley R. Callahan with making a false statement under penalty of perjury in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3). The indictment alleged that Callahan claimed to have made no gifts or payments in the year preceding her bankruptcy, when in fact she made gifts and payments to family members from the proceeds of a personal injury settlement. A jury convicted Callahan. Her sentence included

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30509

an order that she pay restitution of $21,990.00, which reflected the amount of secured and unsecured debt she reported in her bankruptcy.  Callahan appeals her conviction and sentence.  She contends that the evidence was insufficient to support her conviction.  She also argues that the district court erroneously calculated the amount of restitution owed because, she claims, some of her debts have been satisfied.

Ordinarily, we review sufficiency of the evidence by considering "whether a rational jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).  However, although Callahan moved for a judgment of acquittal at the close of the Government's case, she failed to renew her motion at the close of all evidence.  Therefore, we review the claim for plain error.  *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008).  Under plain error review, Callahan must show (1) error, (2) that is clear or obvious, and (3) that affects substantial rights.  *United States v. Delgado*, 672 F.3d 320, 329-332 (5th Cir. 2012) (en banc).  If these three prongs are met, we have the discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 329 (internal quotation marks and citation omitted).  Under this test, there must be a manifest miscarriage of justice, meaning that the record must be devoid of evidence of guilt or the evidence must be so tenuous as to make the verdict shocking.  *Id.* at 330-31; *see also United States v. Davis*, 690 F.3d 330, 336-37 (5th Cir. 2012).

Having reviewed the record, we conclude that there was sufficient evidence of guilt.  Determining "[t]he weight and credibility of the evidence are the sole province of the jury." *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007).  In explaining how she spent the proceeds of her personal injury settlement, the evidence reflects that Callahan offered contradictory innocent

explanations and repeatedly omitted requested information.  Thus, "a rational jury could have inferred the existence of an intentional plan to defraud from the bare facts of [Callahan's] systematic concealment and false statements." *See United States v. Cluck*, 143 F.3d 174, 180 (5th Cir. 1998).  The jury was free to believe or disbelieve her innocent explanations.  After having heard Callahan's explanations, the jury returned a conviction.  This court does "not weigh the evidence or assess the credibility of witnesses."  *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).  The verdict is supported by ample evidence; there was no manifest miscarriage of justice.  *See Delgado*, 672 F.3d at 330-31.

Callahan also argues that the restitution award should be reduced. Federal Rule of Appellate Procedure 28(a)(8) states that the appellant's brief "must contain (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  We are not required to search the record to find a legal basis for an issue.  *United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). Further, because the brief was prepared by counsel, Callahan is not entitled to have it liberally construed.  *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).  Thus, inadequately briefed issues are deemed waived.  *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

We conclude that Callahan's failure to brief the restitution issue with any particularity results in an abandonment of the issue.  *See Yohey v. Collins*, 985 F.3d 222, 224-25 (5th Cir. 1993).  With respect to the restitution issue, her brief fails to substantially comply with the briefing requirements of Rule 28(a)(8).  In her opening brief, she cites to no legal authorities or statutes which support her contention that the district court erroneously calculated the amount of restitution owed.  She fails to set forth the applicable standard of

review.  To the extent that she makes certain factual assertions, she fails to explain why, with reference to applicable law, she is entitled to relief.  Thus, she has abandoned her restitution claim.  *See Scroggins*, 599 F.3d at 446; *Yohey*, 985 F.3d at 224-25.

AFFIRMED.