# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANASTASIO N. LAOUTARIS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-386-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Following a seven-day trial, a jury found Anastasio N. Laoutaris guilty of two counts of computer intrusion causing damage, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i). Each count alleged Laoutaris caused damage to computers owned by Locke Lord Bissell and Liddell, L.L.P. (Locke), with count one occurring on or about December 1, 2011, and count two occurring on or about December 5, 2011. On each count, the court sentenced Laoutaris,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10516

*inter alia*, to a within-Sentencing-Guidelines-term of 115 months' imprisonment, with the terms for each count running concurrently. The court also ordered Laoutaris to pay $1,697,800 in restitution. Laoutaris challenges his conviction and sentence.

Regarding his conviction, he maintains the evidence at trial was insufficient to support the jury's verdict for both counts of conviction because there was no proof he was the person who accessed Locke's network and caused the damage that occurred on the relevant dates. His related challenge to his conviction is his claim that, due to his trial counsel's failure to preserve this sufficiency challenge for appeal, his trial counsel was ineffective in that regard, with the differing standards of review for preserved and unpreserved sufficiency challenges serving to satisfy the prejudice prong of his ineffective-assistance claim.

Despite our generally not reviewing an ineffective-assistance claim raised for the first time on appeal, we have previously considered such a claim when raised in this specific context. *United States v. Almaguer*, 246 F. App'x 260, 261 (5th Cir. 2007); *United States v. Rosalez-Orozco*, 8 F.3d 198, 199–200 (5th Cir. 1993). Accordingly, to review both of these claims concurrently, we will assess Laoutaris' sufficiency challenge under the preserved-in-district-court standard of review.

In conducting this review, we view all evidence, whether circumstantial or direct, in the light most favorable to the Government, with all reasonable inferences to be made in support of the jury's verdict. *E.g.*, *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). In that regard, and of extreme importance for this appeal, determining "[t]he weight and credibility of the evidence [is] the sole province of the jury". *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007). The primary issue on appeal is "whether a rational

2

jury could have found each essential element of the offense beyond a reasonable doubt". *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (internal quotation marks and citation omitted).

The evidence at trial shows a rational jury could have found each essential element for the § 1030(a)(5)(A) offenses charged against Laoutaris, who elected to testify.  Contrary to his assertions, there was ample circumstantial evidence identifying him as the perpetrator of these offenses. Accordingly, because his sufficiency challenge fails even under the preserved-error standard of review, his ineffective-assistance claim also fails on this basis. *Rosalez-Orozco*, 8 F.3d at 200, 202.

Laoutaris challenges his sentence on two bases.  Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Laoutaris claims two procedural errors.

First, he contends the court committed clear error by applying an obstruction-of-justice adjustment under Guideline § 3C1.1 based on finding he committed perjury in his testimony at trial.  After Laoutaris objected to this adjustment in the presentence investigation report (PSR), the court reviewed the evidence and made independent findings pursuant to *United States v. Dunnigan*, 507 U.S. 87, 95 (1993).

No. 16-10516

Laoutaris asserts the specific examples of false statements set forth in the PSR, and referenced by the court, were either actually true or at least not false. Because the record shows the court's obstruction finding was plausible in the light of the record as a whole, the finding was not clearly erroneous. *Cisneros-Gutierrez*, 517 F.3d at 764.

For his other challenge to his sentence, Laoutaris contends the court clearly erred, in increasing his base-offense level, by including $1,461,910 in lost revenue in the total amount of actual loss for purposes of Guideline § 2B1.1(b)(1). Section 2B1.1 authorizes the inclusion of lost revenue when calculating the actual-loss amount for 18 U.S.C. § 1030 offenses. U.S.S.G. § 2B1.1, cmt. n.3(A)(v)(III). The finding for the lost revenue amount was based on the calculations by Locke's forensic accountant, who also testified at sentencing. The accountant's extensive calculations present, at the very least, a reasonable estimate of the amount of lost revenue based on available information. U.S.S.G. § 2B1.1, cmt. n.3(C); *United States v. Minor*, 831 F.3d 601, 607 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 661 (2017). Laoutaris fails to show otherwise. Accordingly, because the court's actual-loss finding was plausible in the light of the record as a whole, there was no clear error in this regard. *Cisneros-Gutierrez*, 517 F.3d at 764.

AFFIRMED.