# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 18-31171
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA EDWARDS,

Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-3-4

———

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joshua Edwards appeals his jury conviction on one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 21 U.S.C. § 846. He contends that the district court erred in denying his motion to dismiss the superseding indictment on grounds that his Sixth Amendment right to a speedy trial had been violated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31171

The Sixth Amendment guarantees a defendant the right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). To determine whether this right has been violated, a court must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) the prejudice to the defendant resulting from the delay. *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (citing *Barker*, 407 U.S. at 530). The determination involves a mixed question of law and fact: We review the district court's factual findings for clear error and its application of the *Barker* test de novo. *Id.* at 303-04.

The record reflects that Edwards was indicted on March 16, 2017, and that his trial commenced approximately 16 months later, on July 30, 2018. Although this delay was sufficient to trigger an examination of the remaining *Barker* factors, *see United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003), it was not sufficient to create a presumption of prejudice or weigh in Edwards's favor, *see United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009); *see also United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007).

Neither does the second *Barker* factor weigh in Edwards's favor. The record reflects that the case is complex and that Edwards acquiesced in much of the post-indictment delay. Although the trial date was continued because of his codefendant's last-minute substitution of counsel, Edwards has pointed to no evidence that the delay was the result of the Government's negligence or that the Government intentionally caused the delay to gain a tactical advantage against him at trial. *See Serna-Villarreal*, 352 F.3d at 232. Nonetheless, because Edwards promptly asserted his right to a speedy trial and sought to sever his case from that of his codefendant on learning that the trial date would likely be continued, the third *Barker* factor does weigh in his favor. *See Harris*, 566 F.3d at 432.

No. 18-31171

Because only one of the first three *Barker* factors weighs in Edwards's favor, he had to prove actual prejudice sufficient to outweigh the other factors to prevail on his motion to dismiss the superseding indictment. *See United States v. Bishop*, 629 F.3d 462, 465 (5th Cir. 2010). Edwards's assertion that he suffered actual prejudice because he was detained for 451 days prior to the commencement of his trial is insufficient to make this showing. *See United States v. Frye*, 489 F.3d 201, 213 (5th Cir. 2007). There was therefore no Sixth Amendment violation, and the district court did not err in denying Edwards's motion to dismiss the superseding indictment. *See Parker*, 505 F.3d at 330.

Edwards also contends that the district court committed reversible plain error by failing to instruct the jury on the elements of the conspiracy's object crimes. He argues that the error affected his substantial rights because his theory of defense—that he was a user and buyer but not a seller of heroin— raised questions as to the elements of the object crimes.

The district court committed an error that was clear or obvious when it failed to instruct the jury on the elements of the conspiracy's object crimes. *See United States v. Vaglica*, 720 F.2d 388, 391 (5th Cir. 1983). Nevertheless, Edwards has not shown that this clear or obvious error amounted to reversible plain error. *See United States v. Piper*, 912 F.3d 847, 860 (5th Cir.), *cert. denied*, 139 S. Ct. 1639 (2019). The district court (1) explained that Edwards was charged with conspiring to distribute and possess with intent to distribute heroin and (2) gave the pattern jury instructions for a controlled substance conspiracy and the definitions of "possession," "knowingly," and "willfully." The district court did not, however, instruct the jury as to the elements of distribution and possession with intent to distribute, but the defense did not raise questions as to the nature of the acts constituting these offenses or whether Edwards's codefendant and others were members of the charged

No. 18-31171

conspiracy. Rather, Edwards's claim that he was a mere user and buyer of heroin challenged whether he was a member of that conspiracy, i.e., whether he willfully joined in the conspiracy with the intent to further its unlawful purpose of distributing or possessing with intent to distribute heroin. The district court correctly instructed the jury on these issues, *see United States v. Delgado*, 672 F.3d 320, 333-34 (5th Cir. 2012) (en banc), and the record contains ample evidence from which the jury could have inferred that Edwards was a heroin dealer and willful member of a conspiracy to distribute or possess with intent to distribute heroin. The district court's judgment is AFFIRMED.